### L. SCULLY *v.* M. LOWENSTEIN & BROTHER.

1. CONTRACT. *Reformation thereof. Res adjudicata. Jurisdiction.*
   S. sued L. & B. in *assumpsit,* upon a special contract. The defendants pleaded a denial of the contract declared upon, and averred a different contract in writing, of which they made profert. Upon this issue the verdict and judgment were for the defendants. S. then filed a bill to reform the written contract, and to obtain a decree against L. & B. for a breach of the contract as reformed. The bill alleged that, by a mistake in drafting the contract, it failed to express the true intention of the parties. The defendants pleaded to the bill the judgment at law as *res adjudicata. Held,* that the plea is bad; for, even if the question whether the contract expresses the intention of the parties had been in issue in the court of law, that court would have been incompetent to consider or adjudge it.

2. RES ADJUDICATA. *Extent of the principle.*
   Where the defence of *res adjudicata* is made, the judgment pleaded can only be construed to include such questions as were, or might have been, litigated in the former suit.

APPEAL from the Chancery Court of Lauderdale County.

Hon. GEORGE WOOD, Chancellor.

The bill in this case was filed by the appellant for the purpose of having a written contract between himself and the appellees reformed, and to obtain a decree against the appellees on the contract as reformed. The defendants pleaded a judgment at law as *res adjudicata* of the matters involved in the bill. The court sustained the plea and dismissed the bill. A suppletory statement of the case will be found in the opinion of the court.

*W. H. Hardy*, for the appellant.

The plea of *res adjudicata* is clearly bad, because it shows

that the merits of this suit were not, and could not have been, tried in the Circuit Court.   A plea of *res adjudicata,* to be a good defence, should show that the questions involved in the existing controversy were, or might have been, in issue in the former litigation, and were, or might have been, determined. *Mosby* v. *Wall,* 1 Cushm. 81; *Agnew* v. *McElroy,* 10 Smed. & M. 552; *Johnson* v. *White,* 13 Smed. & M. 584.

*J. W. Fewell,* for the appellees.

The parties to this suit are the same as in the action at law, the subject-matter of contestation here is the same as that in the action at law, and the court of law was the chosen forum of the appellant.   The very question presented in this suit was raised and determined in the action at law, namely, Was there any other contract than that contained in the written instrument?   If the appellant was not satisfied with the judgment at law, in the forum of his own selection, his remedy was a writ of error.

CHALMERS, J., delivered the opinion of the court.

In the suit at law between these parties, the plaintiff counted, first, upon an implied *assumpsit;* and, second, upon an express contract.   Defendants pleaded *non assumpsit* to the first count, and to the second they pleaded a denial of the special contract alleged, and averred a different contract in writing, of which they made profert.   Upon these pleas plaintiff took issue, and the verdict and judgment rendered thereon conclusively determined that there was no such implied undertaking as was alleged by plaintiff, and that no such express contract was, in fact, consummated.   But the object of this bill is to reform the written contract as made, upon the ground that by mistake it failed to conform to and express the true intention of the parties; and then, when reformed, to make defendants liable for the injury accruing to plaintiff by reason of the fact that, through defendants' fault, he was prevented from performing the work as intended, and thereby debarred of reaping its full benefits.

It is evident that the judgment at law cannot be pleaded as *res adjudicata* against this bill.

The action at law (upon the second count) was upon a special contract. It was defeated by the production of a written contract, different from that averred. This suit in chancery is to reform the written contract, so as to make it speak the true intent of the parties. Manifestly a court of law was incompetent to administer such relief, or even to consider the question of whether the written contract failed to speak the true intent; and if testimony was offered in that court with such a view, it must have been excluded. The broadest statement of the principle of *res adjudicata* would extend it only to such questions as were litigated, or might have been litigated, in the former suit; and, inasmuch as the question of whether there was a mistake in the written contract, by which it failed to express the true agreement of the parties, could not have been considered or adjudged in a court of law, the plea in this case was not good in so far as the bill sought to reform the contract, and to base the claim for relief upon a breach of it as reformed. *Mosby* v. *Wall*, 23 Miss. 81.

It will not be competent, however, to administer relief, except by showing a liability on an express agreement. The question of implied liability was conclusively adjudged in the action at law, under the first count.

Decree reversed and cause remanded, with leave to defendants to answer within ninety days.