W. H. HARDY *v.* MRS. ALVIN O'PRY.

[59 South. 73.]

1. JUDGMENT. *Res judicata. Identity of causes of action.*

In order that the judgment in a first suit may constitute a bar to a second suit, the cause of action in both suits must be the same.

2. SAME.

Where plaintiff in a former suit sought to recover damages from defendant for the alleged breach of a contract to assist her in obtaining from the legislature of the state of Mississippi an appropriation to her of a sum of money to compensate her for stenographic work done for defendant by her in aid of his work as code commissioner, and judgment was entered for defendant on the ground that the contract the breach of which was alleged,

was "against the public policy of the state and void," such judgment was not a bar to a second suit by plaintiff against defendant for such services rendered by her under an express or implied contract to pay her for such stenographic work although there was but one contract between the parties.

3. JUDGMENT. *Res judicata. Matters not litigated.*

Those things which might have been litigated, as well as those actually litigated in a former suit, are *"res judicata."*

4. SAME.

When the cause of action in the two suits is different, only those things are concluded by the first judgment which were actually in issue in the suit in which it was rendered.

APPEAL from the circuit court of Harrison county.

HON. W. C. WELLS, JR., Special Judge.

Suit by Mrs. Alvin O'Pry against W. H. Hardy. From a judgment for plaintiff, defendant appeals.

The appellee was plaintiff in the court below, and appellant was defendant. The declaration is as follows:

"Mrs. Alvin O'Pry, plaintiff, complains of W. H. Hardy, defendant, in an action on promises, for that, whereas, heretofore, to wit, on or about the 15th day of May, 1905, the said defendant employed said plaintiff as stenographer at and for the sum of sixty dollars per month; that said plaintiff remained in the employ of said defendant, under said contract, for the period of seven months; and defendant being thereby indebted to said plaintiff in the sum of four hundred and twenty dollars, and being so indebted to said plaintiff, in consideration thereof, afterwards, to-wit, on the day and year aforesaid, undertook and faithfully promised to said plaintiff to pay her the said sum of money when the said defendant should thereafter be requested, yet though often requested, the said defendant hath wholly neglected and refused to pay to said plaintiff the said sum of money, or any part thereof, to damage of defendant five hundred dollars.

"Second Count. And for that heretofore, to wit, December 15th, in the year 1905, the said plaintiff, at the like special instance and request of said defendant, had before that time done, performed, bestowed, and given of her work, labor, care, diligence, and attendance as stenographer of said defendant, defendant then and there undertook and faithfully promised said plaintiff to pay her so much money as she therefor reasonably deserved to have of said defendant, and when said defendant should be thereafter requested; and the said plaintiff avers that she reasonably deserved to have of said defendant the further sum of four hundred and twenty dollars, whereof the said defendant then and there had notice, nevertheless defendant hath not yet paid to the plaintiff the said sum of money, or any part thereof, to said plaintiff, although often requested so to do, by said defendant, to pay her the same, hath hereto wholly neglected and refused to the damage of plaintiff the sum of five hundred dollars. Wherefore she sues and demands judgment for said sum and costs of suit, and herewith files her bill of particulars, marked as Exhibit A, as a part of this complaint."

To this declaration, the defendant filed a plea of *res adjudicata,* and as an exhibit to said plea he filed a copy of declaration filed in another suit at a former term, which is as follows:

"Mrs. Alvin O'Pry, by her attorneys, complains of W. H. Hardy, defendant, for that, whereas, heretofore, to wit, on the —— day of May, 1905, at Hattiesburg, Mississippi, the defendant then and there being one of the code commissioners, appointed and commissioned as provided by law, together with others, to prepare the Mississippi Code of 1906, and the plaintiff, a stenographer, in consideration that the said plaintiff would enter into the employment of the defendant as his stenographer, to assist in and about preparing said Code, the said defendant then and there undertook and promised the plain-

tiff to employ her as his stenographer for a period of
—— months, or for such length of time as would be nec-
essary to complete said work in preparing said Code, and
to pay plaintiff for such service in aiding her in securing
an appropriation of sixty dollars per month for said
work from the legislature of said state at its January
session of 1906; that plaintiff, in consideration of such
employment and salary, to be paid by and through the as-
sistance of said defendant, on —— day of May, 1905, en-
tered into the service of the defendant as such stenogra-
pher, and continued therein till on or about the —— day
of December, 1905, when said Code was finished and de-
livered to the said legislature, said time thus spent in
the service of said defendant being seven months, and
that she (plaintiff) relying on the promise thus made
with the defendant, whereby he was to assist her in ob-
taining said appropriation from the legislature for the
seven months' work thus performed for the defendant
at and for the sum of sixty dollars per month, aggregat-
ing the sum of four hundred and twenty dollars, applied
to said legislature for said appropriation of said sum,
and at the same time plaintiff called upon defendant to
assist her in securing said appropriation, as he had
agreed and contracted with plaintiff to do, whereupon he,
the said defendant, without any cause known to plain-
tiff, willfully neglected, failed, and refused to render her
any assistance in securing said appropriation, or to aid
her in any way in the premises. To the contrary, he
(defendant) then and there willfully, knowingly, falsely
and maliciously represented to said legislature that he
(defendant) had amply paid plaintiff for the work per-
formed as aforesaid, thus violating in every particular
his contract and promise whereby said services were ren-
dered, and by his said false statement and representa-
tions, and breach of his said contract, plaintiff failed
to obtain any appropriation from said legislature for
said services, and by reason of the said breach of said

contract by the said defendant plaintiff has been greatly wronged, and has suffered loss and damage to the sum of four hundred and twenty dollars. Wherefore plaintiff brings this suit, and demands judgment against defendant for the said sum and all costs in this behalf expended.

To the declaration in the former case a demurrer was filed by defendant, setting up the following grounds, to wit: "(1) That the said agreement alleged to have been entered into between parties, even if made, is against the public policy of the state, and, void, and no action could be based upon any alleged breach of same. (2) That it is not shown that the appropriation would have been made, even with the utmost of defendant's efforts in that behalf." This demurrer was sustained by the trial court, and on appeal the case was affirmed without written opinion. See 46 South. 415.

On the trial of the case at bar, the plea of *res adjudicata* was overruled, and the case proceeded to judgment in favor of plaintiff for the amount claimed. From this judgment comes this appeal.

*Green & Green,* for appellant.

Counsel for appellee expressly fails to attempt to differentiate the case of *Jacobs* v. *Insurance Company; Weathersby* v. *Pearl River Lumber Co.,* and *Shaw* v. *The Laurel Oil & Fertilizer Company,* all of which, we submit are directly upon the point at issue. On the contrary, he submits divers cases from our own report, which, we submit, are in each instance readily distinguishable from the case at bar, or in some instances positively favorable to appellant, wherein consider *Agnew* v. *McElroy,* 10 S. & M. There at page 554, Mr. Justice CLAYTON said:

"It is not at this day to be doubted, but that a judgment between the same parties, for the same cause of action, is conclusive between them. There are excep-

tions to the rule, as where the first action is not competent, where the plaintiff has mistaken his character, or where the judgment is given for faults in the declaration or pleadings. *Hitchens* v. *Campbell,* 2 Wm. Black. 830. The principal consideration is, whether it is to be precisely the same cause of action in both appearing by proper averments in a plea; or by proper facts stated in a special verdict or a special case. *Ibid.,* 830.

"The recovery is *prima facie* evidence that the demand has been inquired into, but is not conclusive. The inquiry is, whether the same cause of action had been litigated and considered in the former action. The plaintiff who brings a second action, must not leave it to nice investigation to see whether the two causes of action be the same; he ought to show beyond all controversy, that the second is a different cause of action from the first in which he failed. *Seddon* v. *Tutop,* 6 T. R. 607; *Bagot* v. *Williams,* 3 Barn. & Cres. 235; 10 Eng. C. L. Rep. 62; *Rice* v. *King,* 7 Johns. 20.

"It is immaterial that the form of action is different, if the cause be the same, the judgment is conclusive, as a judgment in trover is a bar to an action of assumpsit for the value of. the same goods. 4 Rep. 94; b: 2 W. Black. 827; 3 Ch. Pl. 929-n.

"This party is not precluded from showing that the latter suit is for another and different cause, if the fact be so. By pleading the former judgment specially, the plaintiff is driven to take issue on a single point, and admit or deny the judgment, or deny that it was for the same cause of action. 3 Ch. Pl. 929-n; also 1159.

"Tried by this standard, the replication in this instance was bad. It does not admit the judgment and deny that the cause of action was the same—but it denies, 'that the merits of the present suit were tried and determined in the former.' This does not come up to the point, for the true question is whether the merits of the second suit were involved, and might have been tried in

the former action. If so, and the party failed, though his failure might have proceeded from some defect in the testimony, or some. error in law, he cannot after judgment reinvestigate the same matter in another suit. The judgment is conclusive. No one shall be twice harassed for the same cause, is a venerable and wise maxim of the common law." See page 12, where it is expressly found that the merit, i. e., the right to recover because of public policy and the lobbying contract, was held not to exist.

If counsel can get any consolation out of the portion of this opinion quoted, he is at liberty so to do, and we especially challenge his attention to that portion of the opinion wherein it is declared:

"The plaintiff who brings a second action, must not leave it to nice investigation to see whether the two causes of action be the same; he ought to show beyond all controversy, that the second is a different cause of action from the first in which he failed."

Not only is this not done, but plaintiff herself on the stand, under the solemnities of an oath, expressly admitted that there was but one controversy and that controversy had been tried in the previous case, No. 3533.

Next *Johnson* v. *White*, 13 S. & M. 587, where it is said:

"1. The effect of a former judgment as a bar to a second action was considered by this court in the case of *Agnew* v. *McElroy*, 10 S. & M. 552. The general rule that a judgment is conclusive between the same parties for the same cause of action, was held to be subject to certain exceptions. It is no bar to a second suit if the first action was incompetent, or if the plaintiff mistook his character, or if the first judgment was given for faults in the declaration or pleadings. This case seems to fall within the exceptions; the judgment was given against the plaintiffs on a fault in pleading. The action of replevin may have been barred, but the action of

trover was not. A judgment for the defendant on demurrer to a declaration does not bar a new action, and it would seem that a demurrer to a replication should not. Nor is a judgment on any other pleading, which does not go to the foundation of the action, a bar to a subsequent suit. 3 Phillips Ev. 835. The foundation of the action in this instance was the right of property; the matter adjudicated was as to a particular remedy. The merits were not involved, for although the remedy adopted might not have been the proper one, yet a different one would not have been subject to the same objection. The particular objection applied only to the action of replevin. If the merits of the second were not defined in the first, it is no bar. *Ib.,* 838. The merits, that is the right, were not adjudicated in the first suit. The demurrer to this plea was therefore properly sustained." The defense asserted went to the foundation of the action.

But in the case at bar the prior action, No. 3533, was defeated, not on the ground of defective pleading, but on a demurrer interposed, which went to the merits of the controversy. The merits were passed on therein and not the form of pleading. This is the reason that we lay stress upon the declination of plaintiff to amend. Had it been a matter of form, amendment could have been had and the prior judgment would not have been *res adjudicata,* but where the demurrer reached the merits and the judgment of the court thereon went to the very right of the party to recover and that right was held not to exist, not as a matter of form, but as a matter of substance, the judgment in that case is conclusive.

Judge CALHOON made all of this plain in the case of *Weathersby* v. *The Pearl River Lumber Company,* 88 Miss. 535, where he expressly held that in a case of this kind that the form of judgment was *res adjudicata,* as the demurrer went to the merits.

*Moseby* v. *Wall,* 23 Miss. 83, makes expressly this distinction, namely that judgments where the merits might have been tried, are conclusive. We submit, that on the prior appeal between the same parties the merits were involved and the decision was made, not on a question of the form of the pleading but on the question of the substance.

*Perry* v. *Lewis,* 49 Miss. 443, is but a reiteration of the same principle:

"The general principle is, that a judgment between the same parties, for the same cause of action, is conclusive between them. The first action must be competent to dispose of the case on its merits, and such disposition has been made. The first action is not a bar to the second if the judgment were rendered for faults in the declaration or pleadings. The true test is, whether the same cause of action was litigated and adjudicated in the former suit. The form of the action may be different, but the grievance and wrong complained of must be the same in both suits. *Agnew* v. *McElroy,* 10 S. & M. 552. The plaintiff may show that the latter suit is for a different cause of action. If the defendant plead the former recovery, the plaintiff may take issue, or he may admit the recovery, and set up that it was for a different subject-matter. 3 Chit. Pl. 929, 1159. The plea does, with sufficient clearness, aver that the breach of the bond assigned, was the same trespass as complained of in the plaintiff's declaration in this suit.

"But it is said that the plaintiff in the suit upon the bond could not have redress for the trespass. But can the party set up that objection? By voluntarily bringing that suit to obtain damages for the unlawful seizure of his goods, and prosecuting it to judgment, and then accepting the money, ought he not to be precluded from asserting, in this suit, that the action of debt was improvidently brought? The defendant made no objection to the form of the action. The judgment was upon the

merits, and then the money was accepted in its satisfaction. The matter in litigation complained of, as the injury, was the unlawful seizure of the exempt property, the same wrong and injury charged against the defendant in this suit. The sheriff might have objected that he was not liable, upon his bond, for the trespass. He, however, waived the point and contested with his adversary on the merits. After the plaintiff had prosecuted his suit to a recovery, and received the money awarded as compensation, it is too late for him, in this suit, to object to the form of remedy originally adopted. We think the plea, if proved, is a bar to the action. In view of the case, it is unnecessary to consider the other assignments of error.

"Judgment reversed and cause remanded."

Wherefore, we respectfully submit, in the case at bar, the same alleged wrong and injury furnished the predicate of the suit in suit No. 3533, as is here sued on and the fact that the merits were decided on a demurrer can in no wise affect the binding nature of the adjudication. This case seems to us to be directly in our favor.

*Land* v. *Keirn,* 52 Miss. 341, we respectively submit, is in nowise contrary to the contention submitted in our original brief, or adverse to the contention for appellant. *Scully* v. *Lowenstein,* 56 Miss. 652, is not controlling here because it was not competent in the former suit to obtain the relief sought by the bill for reformation. There can be no question but that the contract made between appellant and appellee was void, as contrary to public policy, and this fact was expressly adjudicated upon the prior appeal, and going to the very merits of this present controversy, its effect cannot in any way be escaped.

The case of *Hubbard* v. *Flynt,* 58 Miss. 266, does not, we respectfully submit, touch the case at bar. *Davis* v. *Davis,* 65 Miss. 493, is but a reaffirmation of the *Hubbard* v. *Flynt* case, and, we submit, not here *cognata.*

The case of *Green* v. *Bank,* 73 Miss. 542, we respectfully
submit is not only not favorable to the appellee but di-
rectly in favor of the appellant.    As was said there:
"And the test in this class of cases is whether the evi-
dence which would support the one case would sustain
the other."

And as appellee herself admitted there was but one
transaction and that transaction had been propounded
to the court once for their adjudication, we submit the
evidence in each case while necessarily the same, the re-
liance is placed upon the case of *Railway Co.* v. *McCer-
ran,* 75 Miss. 692.    It seems that the court there was
first under a misapprehension as to their prior record
and that upon issue joined, "the court below found for
appellee, and overruled the plea of *res adjudicata,* and
this action of the court below presents the ground of
complaint in the present appeal."    The court will see
that the issue joined was whether the prior decision re-
ported in 72 Miss. 117 was as contended by the appel-
lant, a judgment upon the "merits of the controversy
are as affirmed by the appellee, not a judgment upon
the merits, but was a judgment only upon the insufficien-
cy of a pleading."    This issue is readily determinable by
reference to the case in 72 Miss. where it appears that
the judgment was not upon the merits, but was merely
upon the sufficiency of the declaration, not holding said
declaration did not upon the merits of the state a cause of
action to be in the plaintiff, but that by failure to prop-
erly aver certain essential facts which existed, that plain-
tiff failed to state the cause of action and did not hold
that she had no cause of action.    The contention made
by this firm, for the appellee is amply stated in the re-
port, 75 Miss. 691:

"It is well settled that if the plaintiff fails on de-
murrer in the first action, from the omission of an essen-
tial allegation in his declaration, which is fully supplied
in the second suit, the judgment in the first suit is no

bar to the second suit, though the respective actions were instituted to enforce the same right; for the reason that the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action. 1 Herman on Estoppel and Res Adjudicata, sec. 273, says: 'If the plaintiff fails on demurrer in the first suit from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first action is no bar to the second, although the respective actions were instituted to enforce the same right for the reason that the merits of this cause, as disclosed in the second declaration, were not heard and decided in the first.'

"Black on Judgments, sec. 718 says: 'Where a bill is dismissed on demurrer, merely in consequence of the omission of an essential allegation, which is supplied in the second suit, the dismissal cannot be considered as on the merits, and hence the second action is barred.'

"Freeman on Judgments, sec. 267 says: 'If the court decides that plaintiff has not stated the facts sufficient to constitute a cause of action, or that his complainant is otherwise liable to any objection urged against him, such decision does not extend to any issue not before the court on the hearing of the demurrer; it leaves the plaintiff at liberty to present his complaint in other actions so corrected as to form or substance as to be no longer vulnerable to the attack made in the former suit.' "

Wells on Res Adjudicata, sec. 447, says: "A decree that the declaration is deficient is not a decision on the merits of the cause, as, for example, that the declaration does not state the facts enough to constitute a cause of action."

This distinction between a judgment on the merits and a judgment for the insufficiency of a pleading, not going to the merits began with the Agnew case and comes down to the McCerran case, but the distinction between the two, that is, a decision upon the merits on the one hand

as was rendered by this court on the prior appeal and a decision upon the insufficiency of a pleading, not going to the merits is perfectly well established.

We subscribe to every decision presented by learned counsel for appellee, but neither they nor any of them, in any way, impair or alter the enunciations of this court which culminated in the case of *Shaw* v. *The Laurel Oil & Fertilizer Co.*, which established beyond the peradventure of a doubt that a decision upon an issue of law going to the merits raised by a demurrer is a conclusive adjudication.

*E. M. Barber*, for appellee.

In *Agnew* v. *McElroy*, 10 S. & M. 552, this court stated this question: "The first suit must be competent to dispose of a second suit on its merits. Exceptions to the rule that a suit between the same parties, for the same cause of action, are where the first suit is not competent to dispose of the second on its merits." I humbly submit that the question of a suit on a contract for services performed could not have been settled under the declaration in the former suit, being No. 3533; that declaration being on a contract void for public policy.

"For the first suit to be a bar to the second suit, the merits of the second suit must have been decided in the first suit, a judgment on a pleading that does not go to the merits of the second case is no bar to a second suit." *Johnson* v. *White*, 13 S. & M. 584.

"The first suit must be competent to investigate the merits of the second suit; only judgment in which the merits are, or might have been tried, are conclusive." *Mosby* v. *Wall*, 23 Miss. 81.

"The judgment in the first case is not a bar to the second if it were rendered on faults in the declaration or the pleadings. The true test of *res adjudicata* is whether the same cause of action was litigated and adjudicated in the former action." *Perry* v. *Lewis*, 49 Miss. 443.

102 Miss. 14

"The fact must have been directly in issue in the first suit, a fact in issue is that on which the plaintiff relies and avers as his cause of action." *Land* v. *Keirn,* 52 Miss. 341.

"The principle of *res adjudicata* can be made to extend only to those questions that were or might have been adjudicated in the first case. They, the questions, must have been pleaded to be passed on." *Scully* v. *Lowenstein,* 56 Miss. 652.

"The question of the second action could not be adjudicated in the first suit, unless they were directly presented in the pleadings of the first suit; it makes no difference if they could have been pleaded and were not, the fact that they mght have been pleaded does not make them *res adjudicata.*" *Hubbard* v. *Flynt,* 58 Miss. 266.

Counsel in their brief laid great stress on the fact that when the special judge asked the plaintiff in the first suit if she desired to amend her declaration and she declined, that she should have asked leave to amend the declaration and then pleaded her contract. I ask if she had done so, would she not have been put out of court because it would have been a new cause of action? I present that counsel for the appellant in this case, who was the apellee in the former suit, would have demurred or asked the court to dismiss the suit on the ground that the amendment made a new case.

"The mere fact that a claim might have been propounded in a suit does not make it *res adjudicata.* The matter must be present in the pleadings or necessarily involved therein to be *res adjudicata.*" *Davis* v. *Davis,* 65 Miss. 493.

This case seems to me to be conclusive on the point discussed just above, as to the question raised by counsel in their brief.

"There must be identity of cause of action. The same thing must give the right to go into court." *Green* v. *Bank,* 73 Miss. 542.

"A final judgment for a defendant rendered oñ sustaining a demurrer to a declaration will not bar a subsequent suit betwen the same parties for the same cause." *Railway Co.* v. *McCerran,* 75 Miss. 687, 21 Am. & Eng. Ency. (1 Ed.), 269 and 270.

The last cited case decided, it seems to me, the instant case in favor of appellee though it may be the same cause of action which we deny, that appellee in this case sued appellant on in the former suit, still the rule as laid down in *Railway* v. *McCerran,* quoted above, settled the point conclusively in appellee's favor.

"A replication to a plea of *res adjudicata* alleging that the issues tried in the prior action, were not those involved in a pending suit presents no issue of fact for a jury, since the plea must be tried upon the record presented." *Miller* v. *Buckley,* 85 Miss. 706.

It will be noted from counsel's brief for appellant, that they desire to take testimony to show that the cause of action was identical in the two cases while this court in the last cited case has said that the question could only be decided upon an inspection of the two records, and I humbly submit that, that being the law, this court upon the inspection of the two declarations will at once say that the inspection was not *res adjudicata* and affirm the lower court in the instant case.

In *Carmony* v. *Hoober,* 5 Pa. St. 305, the court said: "It has been held that when it can be gathered from the record that the merits of the controversy were not passed upon in the first action, but the determination proceeded upon some technical objection, not affecting the plaintiff's ultimate right to sue, the first judgment will constitute no bar to the second suit. A contrary rule would be founded in such rank injustice as to be insupportable and had one ever been entertained in the earlier ages of the law, when reason and truth were but too often made to give way before the fancied force of technical subtleties and hair drawn distinctions, it must long

since have yielded to the enlightened wisdom which tolerates litigation only as a means of administering uniform justice." That case has been sustained by a number of others, among them being *Johnson* v. *White,* 13 S. & M. 584. This is found at page 266, 21st volume Am. & Eng. Ency. last edition.

A judgment is not conclusive as to such questions, whether there was any attempt to pass upon them or not in *Fifield* v. *Edwards,* 39 Mich. 264. Judge COOLEY being the organ of the court says: "There can be no bar if the demand to which, by their evidence, the parties direct the attention of the court and which the court rejected, was not within the issue and consequently could not have been allowed. The estoppel does not depend upon technicality but rests in broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim. The fact that a suit has been instituted and evidence produced is of no importance whatever; in fact the evidence was directed to matters which were foreign to the issue. If, for example, the plaintiff, in an action of *assumpsit,* were to attempt to litigate a matter of trespass to land, it would be immaterial how far he should go into the evidence or at what stage of the proceedings the ruling should be made rejecting his claim; the bar cannot attach, because in law whatever may have been the testimony, there could have been no recovery. Nothing would seem to be plainer than that no man could be barred by a judgment against him who was not by the issue placed in such a position that establishing his demand would entitle him to a judgment in his favor." *Athearn* v. *Brannen,* 8 Blackf. (Ind.) 440; *Harding* v. *Hale,* 2 Grey (Mass.), 399; *Jenkins* v. *Harrison,* 66 Ala. 345; *Teal* v. *Terrell,* 48 Tex. 491; *Baker* v. *Rand,* 13 Bob. N. Y. 152; *Spoors* v. *Coen,* 44 Ohio St. 497. These cases it seems to me are conclusive as this court has said in *Miller* v. *Buckley,* 85 Miss. 706, that there can be no evidence

introduced whatever to show that it was the same cause
of action except by the two declarations, in two suits
upon which the appellee in this cause sued the appellant.

Argued orally by *Garner W. Green,* for appellant.

Argued orally by *E. M. Barber,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellee instituted this suit in the court below to re-
cover of appellant a sum of money alleged to be due her
for stenographic services rendered by her to him. From
a judgment in her favor this appeal is taken.

One of appellant's defenses was that appellee's claim
was *res judicata.* A demurrer to his plea setting up
this defense was sustained, and it is this action of the
court below that we are called upon to review. Appellee's
declaration contained two counts; the first setting up an
express, and the second an implied, contract to pay for
services rendered. Appellant was one of the commis-
sioners who assisted the legislature in compiling the
Code of 1906. Appellee in her former suit sought to
recover damages from appellant for the alleged breach of
a contract to assist her in obtaining from the legislature
of the state of Mississippi an appropriation to her of the
sum of four hundred and twenty dollars to compensate
her for stenographic work done for him by her in aid
of his work as code commissioner. The declaration in
that suit was demurred to on the ground that the con-
tract, the breach of which was alleged, was "against the
public policy of the state and void." This demurrer was
sustained, and judgment final rendered for appellant.

In order that the judgment rendered in the first suit
may constitute a bar to the second, the cause of action
in both suits must be the same. The usual test for de-
termining whether the cause of action in the two suits
is the same is to ascertain whether the evidence neces-

sary to maintain the one would authorize a recovery in the other. If not, the prior judgment is not a bar to the second. A mere glance at the two declarations here under consideration is sufficient to demonstrate that the evidence necessary to support the one would furnish no basis for recovery upon the other.

But it is stated that appellant has alleged, and appellee, when testifying on the merits, has admitted, that she had only one contract with appellant relative to the work to be performed by her; that, consequently, the whole controversy could have been determined in one suit, and, therefore, is *res judicata.* It is true that those things which might have been litigated, as well as those things actually litigated, in the first suit are *res judicata*; but this means those things "involved in the record of the former case, and which, being so involved, might have been litigated and decided," etc. *Hubbard v. Flynt,* 58 Miss. 266. And, moreover, when the cause of action in the two suits is different, only those things are concluded by the first judgment which were actually in issue in the suit in which it was rendered. *Scully v. Lowenstein,* 56 Miss. 652; 23 Cyc. 1297; 24 Am. & Eng. Ency. Law (2 Ed.), 784.

The fact that appellee had only one contract with appellant can, therefore, under the allegations of her declarations, have no bearing on the question of *res judicata.* It merely shows that she had no such cause of action as it set up in one of her declarations.

*Affirmed.*

*Suggestion of error filed and overruled.*