## J. J. TERRY ET AL. *v.* C. R. HAGEMAN.

[59 South. 75.]

1. INJUNCTION. *Motion to dissolve. Pleading. Judgment. Res judicata.*
   The allegations of a bill in chancery if not denied, must be taken as true, on motion to dissolve an injunction.

2. JUDGMENT. *Res judicata.*
   A judgment in a replevin suit is not *res adjudicata* as to a bill in chancery asking for the stating of a partnership account, settling the equities of the partners *inter sese* and the distribution of the partnership assets, where these matters were not and could not have been embraced within the issues litigated and determined in the replevin suit.

APPEAL from the chancery court of Wilkinson county. HON. J. S. HICKS, Chancellor.

Bill by J. J. Terry et al. against C. R. Hageman. From a judgment dissolving an injunction, complainants appeal.

The facts are fully stated in the opinion of the court.

*E. G. Shannon,* for appellant.

The motion to dissolve assigns.

1st. That there is no equity in the bill; 2nd. that the bill shows the matter to be *res adjudicata;* 3rd. that

complainant has lost his suit in a competent court and is estopped by its judgment.

To consider these in order of their placement, and first as to the equity of the bill:

By the pleading the partnership is admitted, the indebtedness of the defendant to it and his insolvency.

So much being taken for true the complainant's equity comes up like a wall before the mind and cannot be gotten over nor remain unseen unless one shuts his eyes to it.

Concerning partners, Adams Equity, p. 442, says: "The equities where courts of common law jurisdiction cannot administer a right, are those for investigation of accounts, for winding up a partnership, etc."

Equity has jurisdiction as between partners and assignees of copartners. *Pembleton* v. *Wambersie,* 4 Cranch, 73; *Rudolph* v. *King,* 3 Rand. 394. A party coming into the rights of a partner whether by purchase etc., comes into nothing more than an interest in the partnership, which cannot be tangible, made available or be delivered but under an account between the partnership and partners. *Bank* v. *Carrollton Railroad,* 11 Wall. 624.

It was held in *Harrick* v. *Hammaman,* 168 U. S. 328, where defendant had ousted plaintiff from partnership, "Whether the partnership should or should not be considered to be dissolved when defendant ousted plaintiff and assumed exclusive possession and control of property and business, the plaintiff was entitled to an account for his share of the property." And *Kelsey* v. *Hobby,* 16 Prt. 269.

Concerning accounting: "The jurisdiction of equity in matters of account is among the most comprehensive of those which it has assumed. In matters of account courts of law cannot give so complete a remedy. *Tilar* v. *Cook,* 77 Va. 477.

"It is found by experience that the most ready and

effectual way to settle these matters of account is by a bill in a court of equity, where a discovery may be had on defendant's oath, without relying merely on the evidence which the plaintiff may be able to produce.'' Blackstone 3, p. 164.

As to the second, that the matter is *res adjudicata*:

Concerning the identity of the thing demanded: In the former suit replevin was asked of a certain number of staves asserted to be the property of the plaintiff Sontheimer and in the possession of C. R. Hageman. This is a bill in equity by Terry et al. asking for an accounting between the partners and an injunction to prevent the passing of certain of the partnership property to one of the partners until equity by such accounting has ascertained the rights of all of the partners. There is not even a similarity between the suits. The following come much nearer the rule of *res adjudicata*:

''Where in one suit the plaintiff claims as donee of her mother one-half and a forced heir of her father four-fifths of another one-half of the estate and in a subsequent suit claims as universal legatee and legitimate child of her father, there is not such identity as to the character in which plaintiff sued in both cases as to allow the decision in the first case to be pleaded in the subsequent as *res adjudicata*.'' .*Gaines* v. *Hennen*, 24 Howard U. S. 553.

''A suit against the defendant as indorser of a note and a suit against the defendant for the goods sold are upon distinct and different causes of action; and the first cannot be pleaded in bar to the second.'' *Clark* v. *Young*, 1 Cranch, 181; *Smith* v. *McNeal*, 109 U. S. 426.

Concerning the identity of parties and the character in which they sue: In the former suit Sontheimer was suing personally for property that he claimed as his own; here he is suing as a partner and for partnership goods and purposes. The former was a suit of an individual, this is a suit by Terry and Sontheimer, two of the partnership firm against the other partner Hageman:

"Where a demurrer was sustained because a creditor of a bank in his petition only stated a right to recover for violations of the national banking act, causing damage to the bank as such, the right to recover for which was an asset of the bank enforceable only by the receiver thereof, it did not preclude the creditor from suing again for an individual wrong suffered by him." *Yates* v. *Utica Bank,* 206 U. S. 181.

"The principle is as old as the law, and is of universal justice that no one shall be personally bound until he has had his day in court, which means until citation is issued to him, and opportunity to be heard is afforded." *Mason* v. *Eldred,* 6 Wall. 231; *Ray* v. *Norseworthy,* 23 Wall. 128; *Railroad Co.* v. *Bank,* 102 U. S. 14.

As to the injunction: The court says in *Crum* v. *Handley,* 94 U. S. 57, "Courts of equity may exercise jurisdiction to enjoin a judgment or to grant the party a new trial, in a case where the proof is clear to show that it would be inequitable and against conscience to execute it; as where it appears that the injured party has an equitable defense of which he could not avail himself at law."

In *Simon* v. *Townsend,* 27 N. J. 302, "The fact that a defendant has appeared in an action at law and pleaded thereto does not deprive him of his right to an injunction against the prosecution of that action."

There has been some attempt to show that the property in question is not partnership property. How one can reason so is beyond comprehending. On page 11 of the record is this question, "Whose staves were these?" Answer "They belonged to J. J. Terry & Co. . . I bought them from J. J. Terry & Company." Now if J. J. Terry has sold his part in this partnership property, that in nowise affects the character of the property, it is still partnership property and will remain so, and the true right of the matter can only be gotten at in equity, by means of a full and thorough accounting.

*Shannon & Jones,* for appellants.

That Hageman is wholly insolvent; that if he collects the said judgment he will use it for his own personal benefit and not for the firm, and that an accounting between said partners is necessary.

Now the motion to dissolve the injunction, there being no answer, admits the above allegations, and they are, on this appeal, and on the said motion, the facts in this case.

This being incontestably true, let us see upon what grounds an injunction should have been granted.

There are a number of good grounds: First. An accounting is prayed for and the chancery court will issue an injunction to preserve and safely keep the subject of litigation—in this case the firm assets in Hageman's hands. *Simmons* v. *Holmes,* 49 Miss. 134, 149; *Peebles* v. *Yates,* 88 Miss. 289, 304; *Freeman* v. *Ammons,* 91 Miss 672, 676. Aside from this, equity will enjoin a partner from violating his duties as such, in this case being largely indebted for money misappropriated, and being insolvent, from misappropriating more. Bisphams's Principles of Equity, sec. 426; *Young* v. *Mock,* 79 Miss. 714, 720; *New* v. *Wright,* 44 Miss. 202, 210. Equity will enjoin the taking of any unfair advantage. *Wall* v. *Harris,* 671, 676. The insolvency of a party who is about to get hold of money is an irreparable injury to the party having an equitable right to it. 16 Am. & Eng. Law, p. 361 (b); *Ward* v. *Whitfield,* 64 Miss. 754, 760. The only defenses suggested are: First. No equity in the face of the bill. The admitted facts in this case answer this, and the above authorities cover it.

If the judgment was between same parties it would not be *res adjudicata.* Complainant's counsel having placed a wrong construction on the effect of Exhibit A to the testimony of Sontheimer in the circuit court, and having sued in a court of law upon a matter not cognizable in a court of law, in which suit they were de-

feated, would not estop complainants from asserting
their rights, not cognizable or not available in an ac-
tion at law, in a tribunal having jurisdiction to try it,
and in which it is available. 16 Am. & Eng. Ency. Law,.
378 (2); *Ibid.* 376; *Ibid.* 354-5; *Hoff* v. *Rogers,* 67 Miss.·
208; *Mosby* v. *Wall,* 1 Cushman, 23 Miss. 81; *Johnson* v.·
*White,* 13 S. & M. 584; *Cohn* v. *Bernheimer,* 67 Miss..
498. But the parties are different in this case.

Four things are necessary to constitute *res adjudicata*
besides a court having jurisdiction, and action in which
the parties claim it available: First, identity of the sub-
ject-matter; second, identity of the cause of action;
third, identity of the parties; fourth, identity of the
character in which the parties sue. *Creegan* v. *Hyman,*
93 Miss. 481, 493. Certainly the last three requisites are
wanting here.

*E. F. Wall,* for appellants.

As there is no answer to the bill for injunction, disso-
lution and accounting of partnership affairs, and no dis-
proof, the facts alleged in the bill are incontestably es-
tablished, as to existence of partnership, terms of part-
nership, contribution of the whole of the partnership
funds by I. Sontheimer, as a loan to the firm, the in-
solvency of Hageman; and that of the replevin suit in-
volving the eight thousand, two hundred and seventy-
five staves, the sole partnership asset, was lost in the
circuit and supreme courts, because of the inability of
Sontheimer, one partner, to maintain at law a suit
against Hageman, another partner. Under these con-
clusively established facts, the question in this case is
whether or not the chancery court is without power to
correct such an inequitable legal proceeding by enjoin-
ing the judgment thus obtained, and to hold the pro-
ceeds of the judgment subject to a legal dissolution of
the firm and an accounting of its assets.

This question was long ago settled by the Supreme
Court of the United States and by this court. The lead-

ing case on this subject, is that of *Marine Insurance Co.* v. *Hodgson,* 7 Cranch, 332, in which Chief Justice MARSHALL held:

"Without attempting to draw any precise line to which courts of equity will advance and which they cannot pass, in restraining parties availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

"On the other hand," he said, "it may with equal safety be laid down as a general rule that a defense cannot be set up in equity which has been fully tried at law, although it may be the opinion of the court that the defense ought to have been sustained at law."

In that case an action at law, on a marine insurance policy, the defense, false representation, was admissible in the legal proceedings; and for that reason alone the injunction was not sustained.

The same doctrine is announced in a number of cases in this state including the following: *Webster* v. *Skipwith,* 26 Miss. 341; *Ferriday* v. *Seleer Freeman, Ch.* 258; *Miller* v. *Palmer,* 55 Miss. 323; *Willis* v. *Ives,* 1 S. & M. 307; *Thomas* v. *Phillips,* 4 S. & M. 358.

The fact that J. J. Terry, was not a party to the circuit court case, while affected collaterally, does not constitute a defense, as contended for in the motion to dissolve the injunction, but is an additional reason why the injunction should be perpetuated. In the case of *Webster* v. *Skipworth,* 26 Miss. 350, Chief Justice MARSHALL's opinion was quoted and fully approved. In that case, Justice HANDY, speaking for the court, announced that the successful complainants "were not parties to

the judgment at law, nor affected by its technical effect and operation. But they are affected collaterally and in an equitable point of view," and their rights were sustained and the injunction perpetuated. In this case, the staves originally, and the judgment for their value, subsequently, was the sole asset of the firm of J. J. Terry & Co., composed of J. J. Terry, C. R. Hageman and I. Sontheimer. If that asset be converted into money and received by C. R. Hageman & Co., which nothing but this injunction can prevent, it would be lost to the firm, as he is insolvent and proposed to convert it to his own use. Such action would have been detrimental to J. J. Terry, as well as I. Sontheimer, for Terry's liability as a partner would have been left without any partnership assets for its reduction.

In other cases, this court has held that injunction proceedings may be maintained by a person who may be injured by a judgment rendered in a suit to which he was not a party. *Bergman* v. *Hutcheson,* 60 Miss. 872; *Humphries* v. *Bartee,* 10 S. M. 282.

That the circuit court, in replevin case of *I. Sontheimer* v. *C. R. Hageman,* was correct in rendering the judgment which is enjoined, seems to us too clear to require citation of authority, even basing the judgment as alleged in this bill, on the partnership interest of the parties to the suit. That doctrine was settled in many cases, including the following: *Hoff* v. *Rogers,* 67 Miss. 208; *Ivey* v. *Walker,* 56 Miss. 253; *Journey* v. *Priestley,* 70 Miss. 584; *Gullish* v. *Alford,* 61 Miss. 224.

In the latter case, this court said, the remedy for a partnership settlement is to be had in a court of equity.

*Bramlett & Tucker,* for appellee.

The dissolution of the injunction should be sustained for, if it is even admitted that appellants have the right to an accounting of the alleged partnership affairs, it does not also follow that a valid judgment sustained by

the supreme court should be enjoined from execution solely upon the pleadings made in the lower court by appellants. The court below does not deny the appellants the right to an accounting; the bill was not dismissed.

Appellant, J. J. Terry or J. J. Terry & Co., has no interest in this suit, for appellant Sontheimer has so testified and based his suit in replevin on his sole ownership and immediate right to the possession of the staves, subject of the judgment enjoined. See contract 11 and 12 and stenographer's notes in circuit court case 11 to 17.

The appellants had their day in the court of their choice; the subject-matter of the judgment enjoined has been fairly fought out, and now come the appellants with an entire change of front and seek to enjoin from execution a judgment that they themselves invoked. If appellants in the beginning sought justice and the prevention of needless litigation, they would have invoked the aid of the chancery court and writ of sequestration, and appellee would have followed them into chancery, as he would have been bound to do, and avoided the multiplicity of suits and great expense in this matter. "The fact that appellants prosecuted a groundless action and that results have involved them in a heavy responsibility, supply no ground for relief here." *Steel* v. *Lowry; Lowry* v. *Lowry*, 19 Am. Dec. 581 and 585; *Pollock* v. *Gilbert*, Am. Dec. 732.

To grant appellants relief in this case there must be some suggestion of fraud, or surprise, or in the case of a defendant seeking relief from a judgment at law he must show some good reason for his failure to make a defense at law. *Turpin* v. *Thomas*, 3 Am. Dec. 615; *Yarborough* v. *Thompson*, 41 Am. Dec. 626; *Cowan* v. *Wheeler*, 43 Am. Dec. 283; *McIndoe* v. *Hagelton*, 88 Am. Dec. 701.

The judgment in replevin was rendered in due form and by a competent tribunal. The right of appellee, de-

fendant, to the staves, or their value, was determined. The judgment was and is an adjudication of the right of appellee to the staves replevied or the value of same; and after judgment it is too late for appellant to seek relief in chancery, either for Sontheimer or for a third party, the alleged J. J. Terry & Co. *Bonney* v. *Bowman,* 63 Miss. 166; *Simms Brothers* v. *Talbot,* 27 Miss. 487; *Green* v. *Robinson,* 5 H. 80; *Glidewell* v. *Hite, Ib.* 110; 4 S. & M. 358.

We submit that appellants have lost the right and are estopped to enjoin the enforcement of the judgment, and the decree of the chancery court should be sustained.

*Powell & Thompson,* for appellee.

We contend that complainants must have title to the property, or some interest therein, before an injunction will be granted at their instance to protect it. See *Treadwell* v. *Payne,* 15 Cla. 496; *Flannery* v. *Hightower,* 97 Ga. 592; *Chicago Yacht Club* v. *Marks,* 97 Ill. App. 406; *Wearin* v. *Munson,* 67 Iowa, 466; *McAdam* v. *Rainey,* 33 La. Ann. 108; *Charley* v. *Gitchell,* 105 Mich. 38; *Railroad* v. *Woodward,* 61 N. J. Eq. 1; *Country Club Land Assn.* v. *Lohbuer,* 56 App. Div. (N. Y.) 306; *Moore* v. *Lyma National Bank,* 8 Ohio Cir. Ct. 287; *Bailey* v. *Gray,* 53 S. C. 503; *St. Lawrence* v. *Gross,* 81 N. W. 640; *Laird* v. *Boyd,* 2 Wis. 431.

Now let us see from the record whether appellants have any interest in the judgment sought to be enjoined, or whether it is partnership assets in any way whatever.

By reference to record, pages 11 and 12, the court will see that J. J. Terry had conveyed all the interest that he had individually and tried to convey all the interest that the partnership had to I. Sontheimer in the staves, for the value of which the judgment sought to be enjoined has been obtained and from the testimony of I. Sontheimer himself; see page 11 of the record. We find

that he claims that Terry & Company had sold to him all the staves in question; all this was done before the bringing of the suit in replevin by I. Sontheimer against C. R. Hageman.

By these conveyances, we claim: First, that J. J. Terry has no interest whatever in this matter, nor has J. J. Terry & Company an interest; second, we claim that I. Sontheimer had already litigated with C. R. Hageman with reference to the staves, for the value of which the judgment sought to be enjoined was rendered and issue having been decided against him in the action of replevin, which necessarily involved the title of the property, that this matter is *res adjudicata,* and that therefore this judgment, which is sought to be enjoined is not a part of any partnership assets of J. J. Terry & Company, but the utmost that could be contended by appellants would be that it was an individual debt between I. Sontheimer and appellee, C. R. Hageman. If we are correct in this, we say that judgment will not be enjoined to enable the debtor to set off an unliquidated claim. 10 Am. & Eng. Ency. of Law (O. S.), p. 897; *J.* v. *B.,* 31 N. J. Eq. 554; 32 N. J. Eq. 411.

All of the authorities filed by the counsel for appellants, we contend, under our theory of the case, have no application to the question involved in this suit. In our opinion, the chancellor was correct in dissolving the injunction and the decision should be affirmed.

SMITH, J., delivered the opinion of the court.

According to the allegations of the bill filed in the court below, there was formed in January, 1910, for the purpose of conducting a general domestic and export stave business, a partnership composed of J. J. Terry and C. R. Hageman, under the name and style of J. J. Terry & Co. Terry agreed to furnish the money necessary for the partnership operations, and Hageman agreed to give all of his time thereto. The net profits

were to be divided, two-thirds to Terry and one-third to Hageman; the latter also having the right to withdraw from the business the sum of one hundred and fifty dollars per month, which was to be charged against his portion of the profits. It does not appear whether or not Terry advanced any money to the partnership; but about one month after the formation thereof, the partnership being in want of funds, Terry and Hageman entered into negotiations with appellant Sontheimer, which resulted in his becoming a member of the firm, each partner under the new agreement to receive one-third of the net profits. Sontheimer agreed to lend the firm fifteen hundred dollars, and also additional sums that might be needed for the purchase of staves, all staves purchased to be his property until all money advanced by him to the firm had been repaid. The old arrangement with Hageman was continued, but it does not appear whether Terry was to continue to advance money to the firm or not. There does not seem to have been any money paid by any of the partners into any general partnership fund. Under this agreement Sontheimer advanced to the firm the sum of two thousand, seven hundred and thirty-seven dollars and forty-eight cents. Hageman having failed to carry out his part of the agreement, and having withdrawn "large sums of money" from the business, the amount thereof not being stated, it is alleged "that the partnership was dissolved after personal notice to all parties;" but it does not appear that any settlement of the partnership affairs was effected. The staves belonging to the firm being in Hageman's possession, Sontheimer sued out a writ of replevin to obtain possession thereof, in order that he might sell them and apply the proceeds to the payment of the debt due him by the firm, claiming the right so to do under the terms of the partnership agreement.

The suit resulted in a judgment for Hageman. Possession of the staves having been delivered to Sontheimer

under the writ of replevin, judgment was entered against him for their return to Hageman, and in default thereof that Hageman recover of him and his bondsmen their value, which was fixed at eight hundred and twenty-seven dollars and fifty cents. After the rendition of this judgment appellants filed their bill in this cause in the court below, alleging the foregoing facts, and, in addition, that this judgment obtained by Hageman was firm property, was the only asset owned by it, that Hageman was largely indebted to the firm and was insolvent, and if allowed to collect this judgment he would apply the money to his personal use, and consequently it would be lost to the firm. The bill prayed that an account be taken of the partnership affairs, that Hageman be enjoined from collecting this judgment until this account should be taken, and that Hageman be decreed to pay complainants, or either of them, any amount which might be found to be due them, they offering to pay any amount which might be found to be due him by them. To this bill Hageman made no reply, either by way of answer or demurrer, but filed a motion to dissolve the injunction on four grounds, all of which may be reduced to one, and that is because Terry, on the face of the bill, has no interest in the suit, and so far as Sontheimer is concerned the matters complained of are *res judicata* by reason of the judgment in the replevin suit. This motion was sustained, and the injunction dissolved.

The allegations of the bill, not having been denied, must, for the purpose of this motion, be accepted as true.

The judgment in the replevin suit is not *res judicata* of the matters herein complained of, for the reason that the causes of action in the two suits are entirely different, and the stating of a partnership account, the settling of the equities of the partners *inter sese,* and the distribution of the partnership assets were not, and could not have been, embraced within the issues therein

litigated and determined.   Should authority be needed
to sustain this proposition, it will be found in *Hardy* v.
*O'Pry,* 59 South. 73, and authorities therein cited.   The
adjudication of Hageman's right to obtain possession of
the staves did not convert them from partnership into
his personal property.   If they were partnership prop-
erty, they continued to remain so after the rendition of
the judgment, and any money collected by him upon the
judgment would be held by him in trust for the partner-
ship.

    The decree of the court below is reversed, and the cause
remanded.

                                    *Reversed  and  remanded.*