## HUGH L. DAVIS *v.* WILLIAM J. DAVIS.

1. CHANCERY PRACTICE. *Several suits between same parties. Injunction. Cause of action.*

   In 1882, W. filed a bill to obtain his share of the title to a tract of land which he claimed had been bought by him and H. as equal partners, but which the latter had caused to be deeded to himself individually. While this suit was pending, W. filed another bill against H. to secure his share of the rents of the land referred to for the year 1883. H. then filed a bill against W. to enjoin the prosecution of the latter suit brought by W. *Held*, that W. had the right to institute the suit for his share of the rent of 1883, the receipt by H. of rents for that year being the accrual of a new right of action.

2. SAME. *Suit for injunction; when necessary.*

   But if the institution by W. of the suit for rent was unnecessary, the suit for injunction by H. was equally unnecessary; the proper course for the latter being to defend the suit for rent, if he wished to oppose it.

3. Same. *Continuance. Dissolution of injunction and damages.*

The fact that W. asked for and obtained a continuance of the injunction suit, until the determination of the suit for title to the land, did not prejudice his right to demand, after the disposition of that case, a dissolution of the injunction and damages.

4. Same. *Decree for title to land. Suit for rent. Res adjudicata.*

The final adjudication in W.'s favor of his suit for title, above referred to, without any decree as to the rents of the land accruing after the filing of the bill and before final decree, (he not having presented any claim thereto), did not make the question of his right to such rents *res adjudicata*, nor preclude him from the right to recover the same in another suit.

5. Same. *Matter that might have been adjudicated. Whether res adjudicata.*

A matter is not *res adjudicata* simply because it might have been, but was not, included in the adjudication of a case disposed of, if in fact it was not presented by the pleadings or necessarily involved therein. *Hubbard* v. *Flynt*, 58 Miss., 266, cited.

APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

On the 29th of May, 1882, William J. Davis filed a bill in the Chancery Court of Adams County against Hugh L. Davis, stating that complainant and defendant, as partners in the business of farming, under the firm name of H. L. Davis & Co., bought a tract of land known as the "Duncan Homochitto" plantation, which had been paid for with the assets of the firm; but that the deed thereto had been taken by the defendant in his individual name without the consent or knowledge of the complainant. The purpose of the bill was to compel the defendant to convey to the complainant the title to a one-half interest in the land referred to. By an amendment to this bill, it was alleged "that said partnership and firm of H. L. Davis & Co., composed as aforesaid of this complainant and said defendant, was dissolved on or about the 31st day of January, A. D. 1881, and that all the debts of said partnership and firm have long since been paid."

During the pendency of the suit just adverted to, which was designated in the lower court "No. 765," the complainant therein, on the 3d of December, 1883, filed in the same court another bill against the same defendant, in a cause marked "No."

817," by which complainant sought to secure one-half of the cotton (or the proceeds of the same) due from the tenants of " Duncan Homochitto " plantation, as rent thereof. This latter bill alleged, " that said defendant is demanding and collecting said rent cottons, both those already baled and those to be baled, irrespective of complainant's rights and without his consent ; " and " that said defendant has heretofore refused and still refuses to make any division of said rent cottons with complainant."

In connection with this bill in cause " No. 817,"the complainant therein, William J. Davis, upon affidavit made and bond given, obtained a writ of sequestration for the sizure of " the rent or case cottons due for the year 1883, for the rent or lease of the Duncan Homochitto plantation ; " and under such writ the sheriff sized certain bales of cotton on the plantation mentioned.

. Thereupon, on the 8th of December, 1883, Hugh L. Davis, the defendant above referred to, filed his bill against William J. Davis, in the case at bar, which in the lower court was numbered " 820." This last bill prayed for an injunction to compel the sheriff " to restore all said parties to said writ of sequestration as nearly as may be unto the position in which he found them, by releasing his levy on whatever cotton he may have found and seized on said Duncan Homochitto plantation, and to refrain from any further steps looking to the execution of said writ of sequestration ; and more especially to enjoin and prohibit the said sheriff from allowing said W. J. Davis to bond said rent cotton or cotton seized under said writ." And it further prayed the court to " enjoin said W. J. Davis from the further prosecution of said suit ' No. 817,' or attempting any proceedings under his said bill therein ; and that he do refrain from molesting or attempting to molest your orator, or the laborers or tenants on said lands in the quiet and peaceable possession of said lands, as well as from all interference in the affairs of said plantation, by suit or otherwise, until said suit ' No. 765 ' shall have been decided "

Hugh L. Davis, in his answer to the bill in suit " No. 765," and in his bill in case " No. 820," denied that there had ever existed a partnership in farming, as stated by William J. Davis

in his two bills of complaint, or that the land in question had been bought by them as partners, or paid for by assets belonging to them as partners, and insisted that the latter had no interest in the land or the rents thereof, as claimed in his several bills.

Hugh L. Davis, the complainant, having set down case " No. 820 " for hearing, on bill, answer and exhibits, William J. Davis, defendant, on the 16th of June, 1885, moved that this " cause be continued until when and after said cause No. 765 shall have been decided ;" which motion was sustained by the court.

On the 8th of Nov., 1886, the chancery court rendered a final decree in case " No. 765," which required Hugh L. Davis to convey to William J. Davis an undivided one-half interest in the " Duncan Homochitto " plantation, but made no reference to the rents thereof. This decree was, upon appeal, affirmed by this court.

On the 6th of June, 1887, the defendant in the case at bar ("No. 820 ") made a motion for the dissolution of the injunction on bill and answer, and the ascertainment of the damages which had accrued to the defendant, on the ground that suit " No. 765 " had been decided in favor of the complainant therein and defendant herein. And, accordingly, an order was made dissolving the injunction and referring the cause to a master to report the damages to which the defendant was entitled. The defendant's claim for damages, as referred to the master, was principally for rents of the plantation in controversy.

On the 10th of Nov., 1887, the complainant herein moved to modify the order dissolving the injunction and referring the ascertainment of damages to a master, on the ground that the defendant was precluded from claiming any rents in this suit, because by his bill, as amended in case " No. 765," he was enabled to obtain a decree for one-half of the " Duncan Homochitto" plantation ; and, the question of rents being before the court up to final decree, he failed to obtain any decree for rents, the matter having thus become *res adjudicata ;* " or, if said rents were not in question in said cause No. 765, the demand for the place and damages to date of decree was one indivisible demand, and is *res adjudicata* by virtue of the decree in cause No. 765." This motion was overruled.    The complainant in case " No.

765 " made no demand for rents accruing subsequently to the filing of his bill.

On the 22d of March, 1888, the court below rendered a decree in this cause (" No. 820 "), in favor of the defendant, for one-half of the rents of the " Duncan Homochitto " plantation for the years 1883, 1884, 1885 and 1886; such decree being based upon the report of the master to whom the question of damages was referred, filed at the November term, 1887, of the court. From this decree, Hugh L. Davis, complainant in this cause, appealed to this court.

*Hugh L. Davis*, pro se.

The record shows that defendant's loss of rents did not result from the injunction. It was owing to the state of the title and the possession of the complainant, it was the result of the wrongs complained of and sought to be redressed in suit 765— suit for title to " Duncan Homochitto."

The defendant was not enjoined from taking any and all steps judicially by suit or otherwise to protect his interest in the " Duncan Homochitto " place, its rents, issues or profits. But he was forced to do whatever he did in and as a part of suit 765, the original suit for title.

The defendant could have amended cause 765, or filed supplemental bills in it to meet any and every need of his cause, even to the seeking the appointment of a receiver.

But the strongest point in resisting this award of rents as damages is that the matter of the rents has been passed upon in 765 and adjudicated and cannot be considered.

By the amendment to the original bill in 765, defendant obtained title to one-half of " Duncan Homochitto."

The *pro confesso* took the bill as it stood amended for the complainant in 765. Upon a reference to a master to account, which reference could have been had and made in that case as easily as in this, and there rightly, here erroneously, the master could and would have been directed to examine and state the accounts as to rents between the parties up to the date of the final decree in November, 1886, and that accounting would have, or could have included all rents claimed in the suggestion of damages in this cause. 57 Miss., p. 31.

If the defendant failed of the fruit of the decree in 765, he cannot mend his failure by an assessment of damages to which he is not entitled, in this cause.   It is earnestly pressed upon the court that the question of rents is *res adjudicata* in the light of the authorities cited.   10 S. & M., 552 ; 30 M., 66 ; 53 M., 103 ; 57 M., 31 ; Freeman on Judgments, Secs. 249 and 241; 3 New York (Comstock), pp. 511, 522 ; Herman on Estoppel and Res Adjudicata, Vol. 1st, pp. 549–50–51–52.

As to the bill for a " partition of personalty," case No. 817 and the writ of sequestration issued in the cause, the partition suit and the writ should be perpetually enjoined, and as to them the injunction in this cause should be reinstated.

*H. L. Davis,* argued the case orally.

*T. Otis Baker* and *Martin & Lanneau,* for the appellee, filed a brief, but it was lost or withdrawn before the record was delivered to the Reporter.

CAMPBELL, J., delivered the opinion of the Court.

If it be true that W. J. Davis improperly brought his bill, No. 817, in the Chancery Court, that did not justify Hugh L. Davis in bringing his bill, No. 820, for injunction.   His proper course was to defend No. 817, whereby he would have obtained all that was properly obtainable by him.

If No. 817 was one too many, No. 820 was the addition of another equally unnecessary and objectionable.

By it the cotton seized was caused to be delivered to Hugh L. Davis, and Wm. J. Davis was enjoined not only from prosecuting suit No. 817, but from bringing any other about the affairs of the plantation until suit No. 765 should be decided.

Certainly such inhibition was unauthorized.   No court could deny to him the right to institute suit upon each accrual of a right of action as often as there was a receipt of annual rents by H. L. Davis.

The injunction was wrongfully issued.   The action of W. J. Davis in asking for a continuance of suit No. 820 until the disposition of No. 765 did not prejudice his claim for a dissolution of the injunction and for damages.

The disposition of No. 765 by a decree for title and no de-

cree for rents did not make the claim for rent *res judicata*, if the claim might have been adjudicated in that suit. The mere fact that a claim might be propounded in a suit does not make it *res judicata*, if in fact it was not embraced in it. There is much loose talk on this subject in the books, but the true distinction may be found set forth in *Hubbard* v. *Flynt*, 58 Miss., 266, according to which the plea of *res judicata* is not available here. All the questions so ably argued by the appellant have been carefully considered by us, and we find no error in the record of which he can complain.                                         *Affirmed.*