ALEXANDER ET AL. *v.* WOODS ET AL.

[75 South. 772, Division A.]

1. JUDGMENTS. *Conclusiveness. Matters not decided. Damages.*
   Where a chancellor in dismissing a suit wherein a temporary injunction had been issued, did not pass upon the question of damages, that matter was not *res adjudicata.*

2. INJUNCTION. *Action for wrongful injunction. Dismissal of suit.*
   Under Code 1906, section 624, providing that the party claiming damages upon the dissolution of an injunction may have the same determined and decreed by the chancellor, but that nothing contained in such section shall prevent the party from maintaining a suit on the injunction bond if his damages shall not be assessed as provided for in the act. Where a suit in which a temporary injunction had been issued was dismissed, which established the fact that the injunction had been wrongfully sued out, the defendants in such suit were entitled to recover damages on the bond, which they sustained by the issuance of the writ.

3. INJUNCTION. *Dissolution by dismissal of suit.*
   The dismissal of a bill in chancery operates as a dissolution of a temporary injunction granted thereunder.

APPEAL from the circuit court of Adams county.
HON. R. E. JACKSON, Judge.

Suit by Bartley Woods and others against John Alexander and others for damages resulting from the wrongful suing out of an injunction. From a judgment for plaintiffs, defendants appeal.

The facts are fully stated in the opinion of the court.

*Chas. F. Engle* and *Wm. C. Martin,* for appellant.

At the February Term, 1916, appellants had the cause set down for final hearing upon the issue docket on bill and exhibits and answers and exhibits, no testimony having been taken by complainants. Thereupon complainants moved to dismiss their suit, and it was dismissed by

a decree to that effect which taxed complainants with the cost.

In dismissing their bill as complainants did they at once make themselves liable upon the injunction bound at the suit of appellants.   The dismissal of a bill upon which an injunction has been obtained, though made without prejudice operates as a dissolution of the injunction, conclusively establishes that the injunction was wrongfully sued out and entitles the obligees in the bond to sue for its breach. *Yale Bowling* v. *Baum,* 70 Miss. 226.   Upon this record appellants as plaintiffs below were undoubtedly entitled to recover on the bond such damages as they could show.

Attorneys' fees incurred in obtaining the dissolution of an injunction constitutes part of the damage sustained and are recoverable on the injunction bond. *Baggett* v. *Beard,* 43 Miss. 120; *Freeman* v. *Board of Supervisors,* 66 Miss. 1.

And on the trial of a suit in the circuit court upon an injunction bond after dissolution of the injunction complainants have a right to prove what a reasonable fee would be and recover it as part of the damages. *Yale* v. *Baum,* 70 Miss. 225.

The fact is that the minds of opposing counsel and the court below became confused at this point, and the court, in giving the peremptory instruction for defendants, undoubtedly thought that appellants had lost their right to sue because they had failed to make and press a motion to dissolve.   With notice of damages sustained, before the chancery court in cause 2826.   The same false idea seems to have been besetting counsel for defendants below, as will be seen from a careful reading of their obscure motion for a peremptory instruction, found on page 70 of the record.   This record shows conclusively that nothing was adjudicated in the chancery court except a matter of the court costs; there was no hearing in that court whatever upon the question of damages. In fact appellees, by dismissing their bill, seems to have

been trying to get out of that court without any adjudication of damages, as soon as they could. However, that may be there certainly was no such adjudication, and in such case the right to sue at law, as was done here, is a statutory right, secured to litigants by the concluding paragraph of section 624 of the Code of 1906. The lower court, in sustaining the motion for a peremptory, beyond question overlooked the controlling effect of this section 624, as well as the decision, straight to the point, of *Yale* v. *Baum, supra.*

This argument was made to the lower court by opposing counsel that because in the chancery court, they could have adjudicated this matter of damages, therefore, by failing to do it there, that subject became *res adjudicata,* and could not be litigated in the circuit court afterwards. We doubt whether this argument would have had any real force even though the thing had not been settled by statute, but we must confess our surprise that the court acquiesced in the force of such argument when the statute says so plainly: "But nothing herein contained shall prevent the party entitled from maintaining a suit on the injunction bond, if his damages shall not be assessed as herein provided for."

We will not weary the court farther, but will close with the request that this case be reversed and sent back for a new trial.

*Ratliff & Kennedy,* for appellee.

Our contention is that under this state of facts, the plaintiffs are not entitled to recover any damages on the injunction bond in this suit.

The bond does not relate back and it only provides for the payment of such damages and costs as might be sustained by the wrongful suing out of the injunction.

The only thing done by which either costs or counsel fees were incurred or could have been incurred was in the vain and fruitless appeal to the supreme court and

this honorable court has decided that they had no right to the appeal; that none would lie in such case, and we, therefore, contend that in no event could the injunction bond be liable for costs and counsel fees incurred in a proceeding, which they had no legal right to take, and as shown by the record, this is in truth everything that was done from which costs of counsel fees could possibly have been incurred.

But if we should be mistaken in this regard, we contend further that the whole matter was res adjudicata, because the defendants in the injunction suit had propounded their claim in that suit and it had become a part of the pleadings in that case and under that all questions and issues, which might have been settled and concluded in one suit becomes res adjudicata, it seems clear to us that plaintiffs in this case are concluded by their pleadings and their claim for the very damages for which they are suing in this case, having been presented in the injunction suit and in a court which had competent jurisdiction to try and determine the same.

In the case of Lawson v. Shotwell, 27 Miss. 630, it was held that all that might have been tried in the first suit is concluded by the decree. The chancery court discourages a multiplicity of suits, where a suit is determined, it is an adjudication of all questions which might have been tried in it. See also Stewart v. Stebbins, 30 Miss. 66.

We are, of course, aware of the statute which gives to the circuit court jurisdiction of suits on a bond of this character, but it has concurrent jurisdiction with the chancery court.

There can be no denial of the fact that the chancery court has jurisdiction to determine the claim propounded in the injunction suit by the plaintiffs in this suit and if no claim had been presented, if the pleadings in the injunction suit had not demanded damages on the injunction bond, they could very properly have waited and brought their suit in the circuit court, but having pro-

pounded their claim in the injunction suit, it was there a pending issue and they had the right and it was their duty to have it passed upon in that court and failing to do so, they are concluded and it becomes *res adjudicata.* See *Hubbard* v. *Fling,* 58 Miss. 266.

In *Davis* v. *Davis,* 65 Miss. 498, it was held: "The mere fact that a claim might be propounded in a suit does not make it *res adjudicata* if in fact it was not embraced in it." And cites *Hubbard* v. *Fling.*

In the present controversy the record shows that the claim was propounded, not only might have been propounded, but was actually propounded, and pending at the time the suit was dismissed and it was the right and duty of defendants if they intended to insist on their claim to have had it settled there, and not having done so, they became thereby forever concluded. *Trust Company* v. *Fitzpatrick,* 71 Miss. 347; *Barber* v. *Levy,* 73 Miss. 484; *Goodbar* v. *Dunn,* 61 Miss. 627.

And while there is no denial of the contention that the circuit court has jurisdiction of such suits, it is equally true that the chancery court has jurisdiction, and where the claim is presented and pending at the time of the dismissal of the suit, the defendant must then and there press his claim and have it adjudicated or forever thereafter hold his peace, and we insist, therefore that this case was properly decided in the court below and should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellants filed suit in the circuit court against the appellees, based upon an injunction bond given in a suit which has been pending in the chancery court. The appellees in the chancery court had obtained a temporary injunction against appellants for reasons unnecessary to be herein stated. A temporary injunction was granted and a written suggestion of damages which would be asked by the defendants upon the dissolution

of the injunction had been filed in the chancery court. After some legal proceedings, unnecessary to set out, the case was set down for hearing upon bill and answer, when the same was dismissed at the request of complainants. No action was taken in that court with reference to the suggestion of damages. After the dismissal of the bill in the chancery court this suit was filed. At the conclusion of the testimony in the circuit court a peremptory instruction was given for the defendants.

Two reasons are assigned in this court by the appellees as to why this was proper—the first being, that no damages were sustained by the issuing of the temporary injunction; second, that the dismissal of the case without awarding any damages was *res adjudicata* on the question of damages. The chancellor did not pass upon the question of damages in that court; consequently it is not *res adjudicata*.

That this suit may be maintained at law is settled by section 624, Code of 1906. The dismissal of the bill in the chancery court operated as a dissolution of the injunction and established the fact that it had been wrongfully sued out, and that the appellants here are entitled to recover whatever damages they sustained by the issuing of same. *Yale* v. *Baum,* 70 Miss. 225, 11 So. 879; *Baggett* v. *Beard,* 43 Miss. 120.

*Reversed and remanded.*