COTTON *v.* WALKER.

(Division A. Oct. 31, 1932.)

[144 So. 45. No. 30208.]

Charles Strong, of Macon, for appellant.

Charles Richardson, of Macon, for appellant.

Charles Strong and Chas. Richardson, both of Macon, for appellant.

Dunn & Snow, of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

The automobiles of Andrew Cotton and W. A. Walker collided on the streets of Macon, Mississippi. As is not unusual in such cases, the driver of each of these automobiles charged that the collision was the result of the negligence of the other. Thereafter the said W. A. Walker filed a suit against the said Andrew Cotton in the court of a justice of the peace for one hundred seventy-nine dollars and twenty-five cents, the alleged amount of damages to his automobile resulting from the negligence of the said Cotton, and recovered a judgment for the amount sued for. That cause was thereupon appealed to, and tried anew in, the circuit court, and the plaintiff therein, Walker, again recovered a judgment for the full amount sued for, and there was no appeal from that judgment.

While the above-mentioned cause was pending on appeal in the circuit court, the defendant therein, Andrew Cotton, filed a suit in the circuit court against the said W. A. Walker for damages alleged to have been sustained by him as a result of the negligence of the driver of Walker's automobile. The cause that originated in the justice court having proceeded to final judgment in the circuit court, the defendant in the cause instituted in the circuit court filed therein a plea of the general issue, and a special plea of res adjudicata alleging the following:

"Now comes the defendant in the above styled cause, by attorneys, and after leave of court first had and obtained for a further and special plea in this behalf says that the plaintiff ought not to have and maintain any action against the defendant in this behalf for the following reasons, to-wit:

"The alleged cause of action sued on by the plaintiff, Andrew Cotton, in this suit arises out of a collision between a Chevrolet truck belonging to the said Andrew Cotton and a Plymouth sedan belonging to the defendant, W. A. Walker, which occurred on Jefferson Street, near its intersection with Eighth street in the city of Macon, Noxubee County, Mississippi, on the 12th day of March, 1930, and the only ground of negligence complained of by the said Andrew Cotton in his declaration in this behalf is as set out in the original declaration in the following words, to-wit:

" 'Plaintiff further alleges that the said Ben Walker was at the time of the impact driving at a great and unlawful rate of speed, coming south on the west side of Jefferson street past the intersection with Eighth street when ostensibly for the purpose of avoiding a collision with a car parked in front of the home now occupied by H. E. Dorroh, caused his car to be sharply swerved towards the east and ran on the east side of said street and collided with the plaintiff's truck.'

"That heretofore there was pending in the Circuit Court of Noxubee County, Mississippi, a certain cause numbered 2064, wherein W. A. Walker was the sole plaintiff and Andrew Cotton was the sole defendant, in which suit the said Walker was claiming damages of the said Andrew Cotton on account of injuries to his said Plymouth sedan arising out of the same collision above referred to.

"That in the pleadings of said Cause numbered 2064, and on the trial thereof the said Andrew Cotton plead both by way of defense in bar and by way of mitigation of damages, that the said collision had been either wholly

or partially caused by the identical grounds of negligence upon which he now bases this suit in cause numbered 2072. That on the trial of said cause numbered 2064 the said Andrew Cotton himself testified, by way of defense, to an alleged state of facts tending to prove that the said W. A. Walker, by and through his son, Ben Walker, had been guilty of exactly the acts of negligence as complained of in the declaration in this suit numbered 2072. That on the trial of said cause numbered 2064, and at the request of the said Andrew Cotton the court granted certain instructions which submitted to the jury the issue of whether or not the said W. A. Walker, acting by and through his son, Ben Walker, had been guilty of any negligence in the premises which was either wholly or partially the proximate cause of the collision.

"The only proof before the court and jury on the trial of said cause numbered 2064, as to the extent of the damage to the Plymouth sedan of the said W. A. Walker was that the same had been damaged to the extent of one hundred seventy-nine dollars and twenty-five cents, no more and no less.

"That upon the trial of said cause numbered 2064, and upon the issues so presented to the jury the said jury returned a verdict in favor of W. A. Walker, in the full sum of one hundred seventy-nine dollars and twenty-five cents, upon which verdict the Circuit Court of Noxubee County thereupon, on the 18th day of February, 1931, entered its final judgment, which judgment now remains in full force and effect.

"Wherefore, the said W. A. Walker says that the said verdict and judgment entered thereon in cause numbered 2064 was and is a final and conclusive adjudication as between the said W. A. Walker and Andrew Cotton by a court of competent jurisdiction; that in truth and in fact the said collision, above referred to out of which this suit grows was wholly caused by the negligence and fault of the said Andrew Cotton and that no negligence

or fault on the part of W. A. Walker or his son, Ben Walker, in any wise proximately contributed thereto.

"True and correct copies of the original declaration, the counter affidavit or plea of the defendant, Andrew Cotton, the instructions of the court granted at the request of Andrew Cotton, the verdict of the jury and the final judgment thereon in said cause numbered 2064 are hereto attached and marked Exhibits 'A' to 'F' inclusive and prayed to be taken and considered a part of this plea.

"All of which this defendant is ready to verify."

To the special plea of the defendant Walker there were attached copies of the original declaration or claim of the plaintiff, the counter affidavit and plea of the defendant, Cotton, the instructions granted at his request, the verdict of the jury, and the judgment thereon, in the said cause numbered 2064, which said exhibits substantiated the averments of the special plea as to the issues submitted to the jury in said cause.

To this special plea the plaintiff, Andrew Cotton, filed a replication admitting that the two suits grew out of the same collision, but denying that the grounds of negligence in the two suits were identical, for the reason that other and additional evidence had been discovered which would be offered on the trial of the cause then pending, and averring that the plaintiff therein should not be barred of his right of recovery by reason of anything set up in the special plea, for the reason that the plaintiff had a cause of action against the defendant which he had never had an opportunity of having adjudicated by a court of competent jurisdiction; that new and additional evidence bearing upon the question of the alleged negligence of the respective parties had been discovered; and that in the trial of the former cause the court granted the plaintiff therein an erroneous and prejudicial instruction. Upon motion of the defendant, Walker, this replication was stricken by the court, and the plaintiff having thereupon refused to plead further,

a judgment was entered in favor of the defendant, and from this judgment this appeal was prosecuted.

The pleadings in the case at bar admit that it and the case originating in the justice court were based upon, and grew out of, a collision between an automobile belonging to W. A. Walker, appellee herein, and a truck belonging to Andrew Cotton, appellant herein. They admit that Walker brought a suit against the said Cotton in a justice court for the damages to his automobile, resulting from said collision; that the said Cotton therein elected to and did plead the alleged negligence of the driver of the Walker automobile as a defense both in bar and in mitigation of the damages; and that, at the instance of the said Cotton, the issue of whether or not the driver of Walker's automobile was guilty of any negligence which caused or contributed to the injury and damage resulting from the collision was expressly submitted to the jury. The verdict and judgment in Walker's favor in that case for the full and exact amount sued for was an adjudication that his driver was guilty of no negligence which contributed to the accident.

In the first suit filed, the question of whether or not Walker was guilty of any negligence which contributed to the accident or injury was, at the instance of Cotton, actually litigated and determined, and the verdict and judgment rendered were necessarily an adjudication that he was guilty of no negligence. This being true, can the appellant, Cotton, afterwards predicate a right to recovery upon the same alleged acts of negligence of the said Walker? We think not. The rule is that in a second action between the same parties, or their privies, although the causes of action may be different, the judgment in the first action is res adjudicata in the second as to any point or question actually litigated or determined. Von Zondt v. Town of Braxton, 149 Miss. 461, 115 So. 557. While we have not found that the exact point presented by this record has been heretofore decided by this court, the case of Miller v. Bulkley, 85

Miss. 706, 38 So. 99, presented an analogous question and is very persuasive on the point here presented. It was there held that: ''Where the seller sued for the price of a chattel and the buyer pleaded a breach of warranty in defense, a judgment in plaintiff's favor will bar any subsequent action by the buyer for a breach of the warranty.''

In 34 C. J. 854, the rule is stated in the following language: ''All defenses to plaintiff's cause of action which were set up and adjudicated are concluded by a judgment for plaintiff, so that they cannot thereafter be urged as against further proceedings upon the same cause of action, or upon the judgment itself, or in further litigation between the same parties upon the same subject-matter. Under this rule matters alleged by way of defense to an action, and fully negatived by the judgment therein, cannot afterward be made the basis of a new action by the former defendant against the former plaintiff, even though in the subsequent action the complaint amplifies the former defense by stating the evidence to prove it.''

This doctrine was also applied in the case of Jones v. Charles Warner Company, 2 Boyce (25 Del.) 566, 83 Atl. 131, 134, where, in a suit for the purchase price of certain mortar in which the defense was that the mortar was unsuitable for the purpose for which it was purchased, the seller recovered a judgment which was paid; and afterwards suit was brought by the purchaser of the mortar against the seller to recover on account of the damage resulting from the unsuitableness of the mortar. The first action was pleaded in bar of the second, and in passing upon the question presented the court said:

''The present action cannot be maintained without showing that the said mortar was in fact unsuitable for the purpose for which it was bought and used, which issue of fact was before the justice in the action for the recovery of the price of the mortar.

"The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to any issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action."

In the case of Bierer v. Fretz, 37 Kan. 27, 14 Pac. 558, it was held that: "Where certain facts are pleaded as a defense in an action, and a final judgment rendered therein, necessarily deciding the merits of such defense, the same facts cannot again be the basis of an action between the same parties arising out of the same transaction, though in the former action the facts were pleaded as a defense only, and no claim made thereon for affirmative relief."

It is insisted, however, that the judgment in the first case between these parties is not a bar to the present action for the reason that other and additional evidence has been discovered, and that the court committed error in granting an instruction in the trial of the first cause. If error was committed in the trial of the first cause, the remedy was by appeal from the judgment rendered therein, and that judgment, unappealed from, is conclusive of all the issues therein litigated and determined. In Straw v. Illinois Central R. Co., 73 Miss. 446, 18 So. 847, the court said, "Whether that former adjudication was right is not the subject of inquiry here now," and in Fisher v. Browning, 107 Miss. 729, 66 So. 132, 136, Ann. Cas. 1917C, 466, the court said: "We think the authorities are too uniform and too numerous to cite that a judgment of a court in a matter within its jurisdiction, however erroneous, is final and conclusive if not appealed from."

The allegations of the special plea constituted a complete defense to the declaration filed by the appellant,

and since there was no denial of the facts stated therein, the judgment of the court below was correct.

Affirmed.