## PAINE *v.* WILEMON

No. 39982          March 12, 1956          85 So. 2d 790

*Harmon W. Broom,* Jackson, for appellant.

*C. R. Bolton,* Tupelo, for appellee.

ARRINGTON, J.

On February 2, 1950, G. L. Wilemon, appellee here, executed a deed to K. A. Paine, complainant below and appellant here, conveying to him certain property. On June 15, 1951, Paine filed suit in the Chancery Court of Lee County to cancel cloud on title and a prayer for general relief. Upon the conclusion of the hearing, the chancellor dismissed the bill of complaint, and Paine appealed to this Court. The cause was dismissed by this Court on September 15, 1953. Motion to reinstate the cause was filed on September 21, 1953, and later overruled by the Court.

On October 26, 1953, Paine filed a second suit in the Chancery Court of Lee County asking for reformation of the deed. To this suit, the plea of res judicata was filed; the court sustained the plea, and dismissed the bill. From this decree, the appellant appeals.

The sole question presented is whether the appellant, having filed a suit to cancel cloud on title, is prevented from filing a second suit asking for reformation. The appellant contends that the court erred in sustaining the plea of res judicata. We are of the opinion that this assignment is well taken.

In the case of Commercial Credit Company v. Newman, 189 Miss. 477, 198 So. 303, this Court said: "It is

not true that a former judgment adjudicates every question that could possibly be litigated, and the authorities cited, supra, do not demonstrate the assertion. The rule is tersely stated in Davis v. Davis, 65 Miss. 498, 499, 4 So. 554, 555, in this language: 'The mere fact that a claim might be propounded in a suit does not make it res judicata if in fact it was not embraced in it. There is much loose talk on this subject in the books, but the true distinction may be found set forth in Hubbard v. Flynt, 58 Miss. 266, according to which the plea of res judicata is not available here.' See also Scully v. Lowenstein, 56 Miss. 652.''

In the case of Hubbard v. Flynt, supra, the Court said: ''The matter of this bill was not adjudicated in the former suit. It was not presented by the pleadings, and, therefore, could not have been adjudicated. The mere fact that it might have been introduced into the suit if the complainant had chosen to do so, does not make such matter res judicata. There is a distinction between this and matter involved in the record of the former case, and which, being so involved, might have been litigated and decided, and which is held to be a matter adjudicated because it might have been. The bill presents facts entitling the complainant to relief, and the demurrer should be overruled.''

This Court held in the case of Creegan v. Hyman, 93 Miss. 481, 46 So. 592, that: ''Before the plea of res adjudicata can prevail, four things must be shown: (1) Identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality in the person for or against whom the claim is made.'' See also Bullock v. Green, 80 So. 2d 37.

The appellee relies on the case of Moses v. Weaver, 210 Miss. 228, 49 So. 2d 235. In this case the Court held that the affirmative defense of adverse possession was waived where appellant failed to plead or raise this de-

fense in a former suit. We do not think this case is controlling in the case at bar.

Under the authorities cited, the plea of res judicata should have been overruled.

Reversed and remanded.

*McGehee, C.J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.