THE PHOENIX INSURANCE COMPANY, et al. *v.* HANEY, et al.

No. 40980 January 19, 1959 108 So. 2d 227

*R. D. Patterson,* Aberdeen; *Watkins & Eager, Wm. F. Goodman, Jr.,* Jackson, for appellants.

*W. S. Turner, Jesse M. Coleman,* Aberdeen, for appellees.

APPELLANTS IN REPLY.

64

LEE, J.

James D. Haney and R. L. Swan, in the Circuit Court of Monroe County, recovered a judgment for $6,000, and interest and costs, against the Phoenix Insurance Company and five other companies on account of a fire loss; and the companies appealed.

The litigation arose in this way: In the early part of October 1954, Haney and Swan completed a building about 44 feet square several miles from Amory, which they operated, through a third party, as a cafe and drive-in, with seating accommodations for about 60 people. On January 10, 1955, they purchased fire insurance policies from the Phoenix Insurance Company and the other five companies for an aggregate sum of $6,000 on the building and $4,000 on the contents. The policies designated the location and recited that the property was "occupied as restaurant (private dancing to members permitted) * * *''. About midnight of February 8, 1955, a fire occurred and both the building and the contents were a total loss.

The insurance companies through their attorneys, after due notice, on August 19, 1955, examined Haney and Swan

under oath concerning the loss. They admitted that they had never taken an inventory of the contents, and that they had no list thereof; that they kept a record of purchases in a ledger, but that it was in the building and was destroyed; and that they had no records to show how much they owed on the date of the fire. Although they admitted the operation of a vending machine, they denied that it was a gambling device. They denied that they knowingly permitted the sale of liquor at the place, but admitted that beer, the sale of which was illegal in the county, was sold at the place for two or three months. Haney was asked, ''How did you get by with selling beer illegally there'', and his reply was, ''I refuse to answer that''. He was also asked, ''Did you make some arrangements that would permit you to sell beer there'', and his reply was ''I refuse to answer that''. Swan said that, about a week before the fire, the constable of the district called on him for payment of protection, and that he refused to do so.

Thereafter on October 5, 1955, the insurance companies filed a suit against Haney and Swan in the Eastern Division of the District Court of the United States for the Northern District of Mississippi in which they sought to obtain a declaratory judgment that they were not indebted to the defendants in any sum whatever, either for the building or the contents, as a result of the fire loss of February 8, 1955. The complaint was based on (1) the alleged failure of the defendants to take a complete inventory and keep the requisite set of books and to keep the same in a fireproof safe at night or in some place not exposed to a fire which might destroy the building; (2) on the alleged increase of the hazard between a restaurant and a place where liquor was sold and gambling was carried on; and (3) on the refusal of the defendants to disclose the arrangements whereby they were able to sell beer illegally at the place. It was averred that the defendants violated the terms of their policies in each of

the named respects. They attached and offered in evidence copies of the statements of Haney and Swan under oath.

The defendants, in their answer, denied in detail each of the material allegations, and, as affirmative matters, set up that they would show on the hearing that the property was worth much more than $10,000; that it burned from an unknown cause; that they were not pressed by creditors; that the fire hazard was not increased by anything which was carried on at the place; and that they did not refuse any information, or wilfully refuse to answer any questions, or conceal any material facts.

The judgment of the Honorable Allen Cox, District Judge, of date of April 6, 1956, recited that the cause was heard by him, without the intervention of a jury, on the complaint, answer, and evidence for both parties, and that he was "of the opinion that the plaintiffs are entitled to a part of the relief prayed for.

"It is, therefore, ordered, adjudged and declared that there is no liability on the part of the plaintiffs to the defendants under the contents coverage of the policies of insurance involved in this action as a result of the fire loss of February 8, 1955.

"It is further ordered, adjudged and declared that all other relief prayed for herein be and the same is hereby denied."

Subsequently, the District Judge, by his order of date of June 21, 1956, after adjudging that no appeal from his judgment of April 6, 1956, had been taken by either of the parties to the litigation, granted the motion of the defendants to withdraw the original policies of insurance from the record.

Thereafter, on September 10, 1956, Haney and Swan filed separate suits against the Phoenix Insurance Company and the other five companies in the Circuit Court of Monroe County to recover the aggregate sum of $6,000 being the total amount of insurance on the building.

The defendant companies filed their separate answers, setting up the same defenses which they had tendered in their suit for a declaratory judgment, and, in addition, that the plaintiffs had set up no counterclaim in the federal court, and that the court's judgment of April 6, 1956, was res judicata, and that they had waived any rights which they might have had to a recovery.

The several causes, on motion of the defendants, were consolidated for trial as one cause.

On March 13, 1957, the plaintiffs amended their declaration so as to demand a recovery also for $4,000 additional, being the amount of the insurance on the contents; and the defendants amended their answers so as to deny liability therefor on the same theories as they had interposed against the original declarations.

Succinctly stated, the evidence showed that the plaintiffs failed to take a complete inventory and to keep the requisite set of books and to keep the same in a fireproof safe or in some place not exposed to a fire which might destroy the building. The judgment of the federal court had declared that the insurance companies were not liable for the loss of the contents. The sale of beer in Monroe County was illegal, and the plaintiffs knew and admitted that for two or three months before the fire it was being sold at the place; but they refused to disclose the nature of the arrangement under which they did so. While they permitted the operation of a machine with berries on it, which was stamped "For Amusement Only", and which was also referred to as a pin ball machine, they denied that they permitted the operation of a slot machine, that is, the well-known gambling device commonly called "a one-arm bandit". The evidence was vague as to whether the machine in question actually constituted a gambling device. It was further shown that the cost of the building was in excess of the amount of insurance thereon.

At the close of the evidence, the court, at the request of the defendants, properly gave to the jury an instruction

which required a verdict for them insofar as the contents of the building were concerned. The federal court had already so adjudged. There was no appeal from the judgment in the federal court, and there is no cross-appeal here from the judgment in the state court, and, of course, that question is entirely out of the case.

The court refused to give a peremptory for the defendants as to the whole case, but submitted the issue of increase in the hazard of the building to the jury. This issue was resolved by the jury in favor of the plaintiffs, and the verdict was for them, for $6,000, being the face amount of the policies on the building.

The appellants contend that the judgment of the federal court was res judicata of the appellees' claim for the building; that the appellees' failure to file a counterclaim constituted a waiver of any rights which they may have had under the policies; that the use of the building increased the hazard; and that the information concealed during the examination under oath was material, and its consealment operated to void the policies.

Rule 13(a) of the Federal Rules of Civil Procedure provides as follows: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action." Vol. 1, page 774, Federal Practice and Procedure, Rules edition, by Barron and Holtzoff.

It is not necessary for this Court to decide whether the appellees could, and should, have filed a counterclaim and litigated all questions of liability under the policies before the federal court. The question is, did their failure so to do constitute a waiver of all their rights, and

was the judgment of that court res judicata of such rights, especially when that court granted the insurance companies relief only as to the contents of the building, and denied all other relief, namely, their claim of non-liability for the loss of the building, and especially when there was no appeal by the companies from that judgment.

In Mercoid Corp. v. Mid-Continent Investment Co., 320 U. S. 661, 88 L. Ed. 376, the suit was brought by Mid-Continent against Mercoid for contributory infringement of a patent. Mercoid's answer was a denial; and it also filed a counterclaim for declaratory relief and treble damages. The District Court granted its prayer for an injunction, but denied its prayer for damages. The Circuit Court of Appeals affirmed the judgment in disallowing damages under the counterclaim. It appeared that there had been earlier litigation in which Mercoid was not made a party, but it provided the defense. Therefore it was contended that the doctrine of res judicata bound it as respected issues which were actually litigated, or might have been raised in that suit. The opinion of the Supreme Court, in rejecting that contention, said: "Though Mercoid were barred in the present case from asserting any defense which might have been interposed in the earlier litigation, it would not follow that its counterclaim for damages would likewise be barred. That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure does not mean that the failure to do so renders the prior judgment res judicata as respects it."

Actually, what the federal court did, in the present case, was to hold that the insurance companies were not liable, under their policies, for the loss of the contents. This action evidently stemmed from the fact that the defendants therein had wholly failed to comply with the

terms of the policies by which they were required to take a complete inventory and keep the requisite set of books and to keep the same either in a fireproof safe at night or in some place not exposed to a fire which might destroy the building. The court declined to hold that the policies on the building had been voided because of an increase in the hazard either from the sale of beer at the place, or the operation of the alleged gambling machine, or because of the refusal to disclose the arrangements whereby the defendants were able to sell beer illegally at the place. The judgment, after granting the declaratory judgment as to the contents, expressly adjudicated that "all other relief prayed for herein be and the same is hereby denied". Logically it follows that, from the judgment, the learned trial judge was of the opinion that the companies were liable for the loss of the building. In such circumstances, it would be an anomalous situation indeed for this Court to hold that the judgment of the federal court was res judicata against the right of the appellees to recover for the building when that court had expressly denied the prayer of the appellants for relief in that regard. As heretofore stated, the companies did not appeal from that judgment.

But, if the judgment of the federal court was not res judicata against the appellants, it was not res judicata against the appellees because that court made no award either for or against them on account of the loss of the building. "The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to any issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action." Fair v. Dickerson, 164 Miss. 432, 144 So. 238; Cotton v. Walker, 164 Miss. 208, 144 So. 45; Von Zondt v. Braxton, 149 Miss. 461, 115 So. 557.

In Alexander v. Woods, 115 Miss. 164, 75 So. 772, the appellees had obtained, in the chancery court, a temporary injunction, and the defendants had answered and filed a written suggestion of damages which they would ask upon the dissolution of the injunction. The cause, on being set down for hearing, was dismissed at the request of the complainants therein, and no action was taken in that court with reference to the suggestion of damages. Later, the defendants in that case, being the appellants in this case, filed suit in the circuit court to recover on the injunction bond, but, at the conclusion of the evidence, the court gave a peremptory instruction for the appellees. One of the reasons advanced by the appellees for the affirmance of that judgment was ''that the dismissal of the case without awarding any damages was res ajudicata on the question of damages''. But the opinion of this Court rejected that contention and said: ''The chancellor did not pass upon the question of damages in that court; consequently it is not res adjudicata''.

In Bush v. City of Laurel, (Miss.) 105 So. 2d 562, the trial court sustained a plea of res judicata by the City because, in two prior suits, the appellants had not asserted their claim for damages, when they might have done so, thereby holding that they had therefore waived their claims, if any. The appellants, on their appeal to this Court, contended that the trial court was in error because their claim for damages was not asserted or presented in those suits, wherein the appellees contended that such claim might have been propounded and included. The opinion of the court said: ''We think that the contention of the appellants is sound and must prevail. The claim of the appellants to an award of damages was not propounded or asserted in the pleadings or on the trial of either of the prior suits and such an award was not essential either to the granting of the injunction or the granting of the decree of confirmation, and the question of the rights of the appellants to damages was not em-

braced or involved in either of the prior suits. It is well settled both under the majority rule and under the prior decisions of this Court that the mere fact that a claim might have been propounded in a prior suit does not make it res judicata if in fact it was not embraced or involved in it." The documentation included 28 Am. Jur., Injunctions, Section 309 page 483; Hubbard v. Flynt, 58 Miss. 266; Davis v. Davis, 65 Miss. 498, 4 So. 554; Hardy v. O'Pry, 102 Miss. 197, 59 So. 73; Commercial Credit Co., Inc. v. Newman, 189, Miss. 477, 198 So. 303; Paine v. Wilemon, 227 Miss. 185, 85 So. 2d 790; Van Zandt v. Van Zandt, 227 Miss. 528, 86 So. 2d 466.

 The appellees, by their failure to file a counterclaim and submit all questions as to their rights to recover under the policies, did not waive their rights to recover for the loss of the building, nor was the judgment of the federal court res judicata against their right to recover for that loss.

 ■ The appellants contend that the refusal of Haney to disclose what arrangements existed for the selling of beer was the wilful concealment of a material matter. But, if the hazard was increased, it was from the illegal sale, not from perhaps a side agreement with some officer, if such it was. Consequently the refusal to disclose the arrangements, if any, for the sale of beer was an immaterial matter.

On the question of an increase in hazard as avoiding the policy, they call particular attention to Western Assurance Co. v. McPike, 62 Miss. 740. But in that case a family residence was insured. The home was virtually abandoned for more than thirty days, in violation of the terms of the policy, and was converted into a retail liquor saloon, by someone without authority, paying no rent and having no family. In the present case, the insured building was a public one—a restaurant, known to be such by the companies at the time they insured it. With the capacity of this building to serve as many as

sixty people at one time, it is difficult to see how the hazard was increased by the sale of beer to some of the patrons. At any rate, this issue was submitted to the jury by two instructions which were given at the instance of the defendant. In the first, "moral hazard" was defined, and the jury was instructed that "any change in the insured property that increases the probability of such a destruction by them or others) increases the moral hazard" and "if you believe from a preponderance of the evidence in this case that at the time of the fire loss of February 8, 1955, the moral hazard involving the property covered by the policies was increased by any means within the control or knowledge of the plaintiffs, it would be your sworn duty to return your verdict for the defendants."

The other instructed the jury that "if you believe from a preponderance of the evidence in this case that the plaintiffs, when examined under oath on August 19, 1955, concealed from the defendants the circumstances surrounding the sale of beer on the insured premises, and if you further believe from a preponderance of the evidence that beer was so sold, and that such sale amounted to an increase in the hazard involving the property covered by the insurance policies, and that the sale was within the control or knowledge of the plaintiffs, then it is your sworn duty to find for the defendants."

■ ■ The jury was fully warranted in finding that the plaintiffs had not increased the hazard by reason of the sale of beer or by any other means within their knowledge or control.

Since the polestar of this Court is the true administration of justice, manifestly the judgment of the trial court should be, and is, affirmed.

Affirmed.

*McGehee, C. J.* and *Hall, Kyle* and *Holmes, JJ.*, concur.