469 So.2d 64 (1985)
AETNA CASUALTY & SURETY COMPANY and Arvin Industries, Inc.
v.
Earline ESPINOSA.
No. 54497.
Supreme Court of Mississippi.
January 23, 1985.
Rehearing Denied May 29, 1985.
*65 Claude F. Clayton, Jr., Mitchell, Eskridge, Voge, Clayton & Beasley, Tupelo, for appellants.
William S. Lawson, Tupelo, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
This workmen's compensation case comes to us from the Circuit Court of Lee County. There Mrs. Earline Espinosa, the claimant, was awarded compensation benefits incident to a lower back injury she suffered on September 8, 1977, while employed at Arvin Industries.
Shortly after the physical injury the claimant experienced somatic pain. This mental pain syndrome left her totally functionally disabled with little hope of recovery.
The decisive issue on this appeal is whether a previous adjudication denying compensation benefits was res judicata to the second proceeding on the claim. The question requires our scrutiny of Section 71-3-53, Mississippi Code Annotated (1972), to ascertain the legislative intention regarding reopening a compensation case. It provides:

Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury; and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the commission.
The initial hearing before the Administrative Judge culminated in an order of October 1, 1979, which awarded the claimant medical, temporary total, and temporary partial disability benefits. The time of maximum medical recovery was determined to be November 17, 1977. On March 25, 1980, the compensation commission affirmed the order of the administrative judge. Aggrieved, the carrier appealed to the Circuit Court of Lee County which reversed the commission's order on October 13, 1980.
The final order of the circuit court states in pertinent part,
A. That claimant failed to meet her burden of proof required when a claim is based on mental or emotional disability resulting from a physical injury;
B. That there is no medical proof of any physical disability after November 17, 1977;
C. That no benefits for disability are due to the claimant after November 17, 1977.
The court then ordered and adjudged as follows, "(3) That the decision and order of the Mississippi Workmen's Compensation Commission entered in this cause on March 25, 1980, be, and hereby is, reversed."
*66 The aggrievance having thus been transferred to the claimant, an appeal was perfected to this Court from the order of the circuit court. Thereafter on February 19, 1981, the carrier moved to dismiss the appeal on the basis the claimant had not filed a brief within the time limitation of the Rules of this Court. The claimant then joined such motion and the appeal was dismissed on February 25, 1981. Although in the abortive appeal no brief was filed from which we could have sought enlightenment, nevertheless the cardinal issue, had the appeal been pursued, would necessarily have been whether the circuit court erred in not finding the existence of a causal connection between the claimant's injury and her functional disability. See, Dunn, Workmen's Compensation, Sec. 163 "Relation of Work as a Contributing Cause of Injury," (3rd ed. 1982), and the cases therein cited.
Obviously, we think, the order of the circuit court became final concurrent with its dismissal in this court.
The day before the motion to dismiss was received and filed by this Court, the claimant filed on February 18, 1981, a petition to reopen permitted by Section 71-3-53. The allegations were,
... that either there was a mistake in the determination of fact, or in the alternative, that there has been a change in conditions. Namely, the Claimant's condition has changed from temporary to permanent since the date of the Administrative Judge's original award. Claimant would show that she has continued to undergo treatment at the Pain Clinic in Memphis and that from the physiological standpoint she is physically disabled as well as from the psychiatric standpoint. That her psychiatric disability was previously adjudged by the doctors as being of a temporary and partial nature, is now permanent and total.
From this we ascertain the claimant's motion was based upon a "change of condition" as distinguished from "a mistake in determination of fact." The administrative judge in granting the petition to reopen found there had been "a change of condition" and that the prerequisites of Section 71-3-53 had been met. Thereupon the cause was reopened to the result that the claimant was awarded compensation benefits which was affirmed by the commission and by the circuit court.
The posture of the case is that compensation was denied on the first hearing but granted on reopening. The statute permits reopening for "a change of condition" or "because of a mistake in a determination of fact." In our opinion the legislature intended by its language and phrasing the sentence in the disjunctive to compose a difference between these postulates. The first concerns a change of condition meaning, we think, a change in a physical or mental condition so that previously awarded compensation might be adjusted to accommodate the changed condition. In Dunn, Mississippi Workmen's Compensation, Sec. 336.2, (3rd ed. 1982), we find reference as follows:
... One view is that the change must be in physical conditions due to the original injury which affects an employee's earning capacity or ability to work. Another view is that a change in the claimant's ability to get or to hold employment or to maintain prior economic levels is also to be considered as a change in condition, even though the physical condition may remain unchanged. But where the claimant fails to meet the burden of proving either type of change, the request to reopen may be denied.
We think a change of condition indicating the need for a change in compensation payments necessarily pre-supposes a prior adjudication of compensability including a causal connection between the initial injury and the present physical or mental condition.
On the other side of the coin the legislature intended, by permitting reopening because of a mistake in the determination of fact, to permit an award of compensation because of newly discovered evidence or that which for whatever good reason was not previously reflected in the record. We are of the opinion this could include evidence *67 to establish the essential causal connection between the initial injury and a contemporaneous or resulting physical or mental disability. See Dunn, Mississippi Workmen's Compensation, Sec. 336.1, (3rd ed. 1982), which states,
The mistake, therefore, must be one which involves the failure to consider facts which are not reflected on the record made on the hearing before the commission and one which is not due merely to failure of the party involved to produce available evidence. Any different approach would afford a party two or more trials instead of the single trial contemplated by the act, and would nullify the mandate that awards shall be conclusive unless an appeal is taken. The parties seeking to reopen, whether this be the employer or the employee, must meet the burden of proving a mistake within the stated rule.
as well as North Mississippi Medical Center v. Henton, 317 So.2d 373 (Miss. 1975), citing with approval 3 Larson, Workmen's Compensation Law, Sec. 81.31 (1973).
In our opinion, the administrative judge correctly determined there had been a change in the condition of the claimant inasmuch as the temporary mental condition had become permanent. Unfortunately, however, there was no testimony presented to support a finding indicating a previous mistake in the determination of fact so as to establish a causal connection between the initial injury and claimant's present condition. Consequently the change in condition did not have the legal effect to bring into being the requisite causal connection for compensability. We therefore conclude the administrative judge erred in reopening the case as did the commission and the circuit judge in approving it.
Except to the extent that Section 71-3-53 provides otherwise, the doctrine of res judicata applies in workmen's compensation cases as in other cases, if the prerequisites for such exist. See Knox Glass Co. v. Dependents of William Scott Evans, Sr., Dec., 246 So.2d 89 (Miss. 1971); Consumer Discount Store v. Warren, 221 So.2d 112 (Miss. 1969), including the court's decision on petition for rehearing; and Proctor v. Ingalls Shipbuilding Corp., 254 Miss. 907, 183 So.2d 483 (1966). Claimant has failed to bring her case within one of the exceptions to res judicata statutorily recognized in workmen's compensation cases.
In petitioning for reopening we note the claimant charged there had been a change in condition, "since the date of the administrative judge's original award," thereby overlooking the order of the circuit judge reversing the finding of the administrative judge and the commission. The avoidance of the order of the circuit court in such fashion does not diminish its impact as a solemn judgment of that court. Having become final it was res judicata of the claim there presented and adjudicated between the same parties on the identical issue under the selfsame facts. We are not presently concerned with whether the court's order was erroneous, but only that it was the final judgment of the case. In Phoenix Insurance Co. v. Haney, 235 Miss. 60, 108 So.2d 227, 231 (1959), we held:
The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to an issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action. Fair v. Dickerson, 164 Miss. 432, 144 So. 238, 240 (1932); Cotton v. Walker, 164 Miss. 208, 144 So. 45 (1932); Von Zondt v. Town of Braxton, 149 Miss. 461, 115 So. 557 (1928).
See also, Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).
We are of the opinion the carrier's plea of res judicata has merit and bars relitigation of the same issue. The petition to reopen was therefore in error and the full commission and the circuit court erred in approving it.
*68 Lastly, in North Mississippi Medical Center v. Henton, 317 So.2d 373 (Miss. 1975), we held the legislature did not intend Section 71-3-53, Mississippi Code Annotated (1972), to be a substitute for an appeal as appears to have been attempted in this case.
REVERSED AND RENDERED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.